KARIN G. PAGNANELLI (SBN 174763)
  kgp@msk.com
BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone:  (310) 312-2000
Facsimile:  (310) 312-3100

NATHANIEL ST. CLAIR (*Pro Hac Vice Pending*)
  nstclair@jw.com
DEVANSHI SOMAYA (*Pro Hac Vice Pending*)
  dsomaya@jw.com
JACKSON WALKER LLP
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone:  (214) 953-5948
Facsimile:  (214) 661-6848

Attorneys for Plaintiff OTIIMA
Industries, S.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIIMA INDUSTRIES, S.A., | CASE NO.: 2:25-cv-06449 |
| Plaintiff, | |
| v. | **PLAINTIFF'S COMPLAINT** |
| OTIIMA USA, TAYLOR TITONI, STACY TITONI, AND TITONI WINDOWS SYSTEMS n/k/a TITONI MANUFACTURING COMPANY | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Mitchell
Silberberg &
Knupp LLP

20889425.1

**COMPLAINT**

Otiima Industries, S.A., formerly Ecosteel, S.A., ("Otiima" or "Plaintiff") files this Original Complaint against Otiima USA ("Otiima USA"), Taylor Titoni, Stacy Titoni, and Titoni Windows Systems n/k/a Titoni Manufacturing Company (collectively, "Defendants" or "Titoni Defendants").

## PRELIMINARY STATEMENT

For years, Otiima and Defendants enjoyed a mutually beneficial relationship, with Otiima serving as the manufacturer and Defendants as the exclusive U.S. distributor of the renowned OTIIMA brand of door and window frame systems. However, Defendants have now embarked on a calculated campaign to misappropriate Otiima's brand, goodwill, and business in the United States. Their actions have not only shattered the longstanding partnership but have also inflicted substantial and ongoing harm on Otiima and its customers. Otiima is the sole and rightful owner of the OTIIMA trademark. Defendants' authority to use the OTIIMA mark was strictly limited to their role as a licensee and distributor acting on Otiima's behalf. That license has been unequivocally terminated. Despite this, Defendants continue to unlawfully use the OTIIMA mark, including in connection with non-genuine products, resulting in widespread marketplace confusion and deception. Defendants' conduct constitutes a blatant infringement of Otiima's trademark rights and a deliberate effort to interfere with Otiima's business relationships in the United States. Immediate and decisive relief is necessary to halt Defendants' unlawful activities and to protect Otiima's brand, reputation, and business interests. As a result, Otiima brings this action against Defendants for trademark infringement, unfair competition, false designation of origin, false advertising, fraud, and tortious interference.

## PARTIES

1. Plaintiff Otiima Industries, S.A., formerly Ecosteel, S.A., is a Portuguese Sociedade Anónima with its business address at Parque Industrial de Laúndos, lote 40, 4570-311 Laúndos, Póvoa de Varzim, Portugal.

Mitchell
Silberberg &
Knupp LLP

20889425.1

2

**COMPLAINT**

2.    Defendant Otiima USA is a California corporation with a principal place of business at 1113 N. McKinley Ave., Los Angeles, CA 90059. Defendant Otiima USA may be served through its registered agent, Taylor Titoni. Mr. Titoni's address is 1113 N McKinley Ave, Los Angeles, CA 90059-3504.

3.    Defendant Taylor Titoni is the Chief Executive Officer (CEO) of Titoni. Taylor Titoni can be served at his address, 1113 N McKinley Ave, Los Angeles, CA 90059-3504.

4.    Defendant Stacy Titoni is the Secretary and Chief Financial Officer (CFO) of Titoni. Stacy Titoni can be served through 28 Caballeros Road, Rolling Hills, CA 90274.

5.    Defendant Titoni Windows Systems, n/k/a Titoni Manufacturing Company is a California corporation with a principal place of business at 145 Arena St., El Segundo, CA 90245. Defendant Titoni Manufacturing Company may be served through its registered agent, Taylor Titoni. Mr. Titoni's address is 1113 N McKinley Ave, Los Angeles, CA 90059-3504.

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

7.    This Court has personal jurisdiction over Defendants because they are engaged in substantial and regular business in the State of California and in the Central District of California at the physical address mentioned above, including by importing, marketing, and offering for sale their goods in this District, and have committed acts of infringement at issue in this Complaint in this District.

8.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendants reside in this District and because a substantial part of the events giving rise to the claims asserted in this Complaint occurred in this District.

Mitchell
Silberberg &
Knupp LLP

20889425.1

3

**COMPLAINT**

## STATEMENT OF FACTS

**A.      Otiima is an industry leader.**

9.      Otiima Industries, S.A. (formerly EcoSteel, S.A.) is a Portuguese Sociedade Anónima with its business address at Parque Industrial de Laúndos, lote 40, 4570-311 Laúndos, Póvoa de Varzim, Portugal.

10.      Founded in 2013, Otiima is an industry leader in minimalist door and window frame systems. Otiima is known for its cutting-edge technology, sophisticated design, and high-quality materials and manufacturing processes. Otiima's door and window systems are highly sought after by architects, builders, engineers, and designers around the world, including in the United States. Defendant Taylor Titoni describes Otiima as "the best window manufacturer in the world" on his LinkedIn profile, and rightly so.

11.      Otiima's products are advertised on its website at https://www.otiima.com/, social media pages, and through its expansive network of architects and other professionals.

12.      Otiima sells and distributes its door and window systems directly in Portugal and through its network of authorized dealers in other countries including the United States.

13.      Otiima's portfolio includes award-winning and high-profile projects such as the House in Barreiro, designed by Aires Mateus Architects; the Rodeo House in Beverly Hills, designed by Studio William Hefner; Casa Voluta by Mário Martins;     and      the      Desert      Palisades      by      Woods      +      Dangaran. https://www.designboom.com/architecture/otiima-minimalist-window-systems-connect-architecture-nature-people-08-21-2024/.

///

///

///

///

Mitchell
Silberberg &
Knupp LLP

20889425.1

4

**COMPLAINT**

**The Rodeo House in Beverly Hills, CA**



### B.    Otiima is the senior user of OTIIMA and MUCH MORE THAN A WINDOW.

14.    Otiima created and first began using the trademark OTIMAH, a previous spelling iteration of its current trademark OTIIMA, (the "OTIIMA Mark") in connection with its door and window systems in Portugal at least as early as December 2013. Otiima changed the spelling of its mark from OTIMAH to OTIIMA at least as early as February 2016. Otiima began to expand its use of the OTIIMA Mark into the United States at least as early as June 2016, with the first products bearing the OTIIMA Mark shipping into the United States at least as early as December 2016.

15.    Otiima also began using the slogan MUCH MORE THAN A WINDOW (the "MMTW Mark") in Portugal at least as early as February 2016 and in the United States at least as early as December 2016.

16.    Otiima often combines the OTIIMA Mark and the MMTW Mark into a composite word or design mark as follows:

- OTIIMA MUCH MORE THAN A WINDOW

-

**COMPLAINT**

Mitchell Silberberg & Knupp LLP

20889425.1

17.    All of the foregoing marks are collectively referred to as "Otiima's Marks".

18.    Otiima owns the following trademark registrations (copies of which are attached as <u>Exhibit A</u>):

| Mark | Jurisdiction | Status | Filing Date | Number |
|---|---|---|---|---|
| OTIMAH! & Design  OTIMAHI | Portugal | Registered | 12/27/2013 | 523562 |
| OTIIMA MUCH MORE THAN A WINDOW & Design  OTIIMA much more than a window | Portugal | Registered | 2/19/2016 | 560596 |
| OTIIMA MUCH MORE THAN A WINDOW | UK | Registered | 6/9/2017 | UK00916819203 |
| OTIIMA MUCH MORE THAN A WINDOW | European Union | Registered | 6/9/2017 | 016819203 |
| Much more than a Window. & Design  Much more than a Window. | European Union | Registered | 8/30/2018 | 017949138 |
| OTIIMA | United States | Registered | 9/28/2021 | 6878869 |
| OTIIMA MUCH MORE THAN A WINDOW | United States | Registered | 9/28/2021 | 6878864 |
| OTIIMA GLASS | Portugal | Registered | 7/28/2023 | 709497 |

| Mark | Jurisdiction | Status | Filing Date | Number |
|------|-------------|--------|-------------|--------|
| OTIIMA MUCH MORE THAN A WINDOW & Design | European Union | Registered | 4/22/2024 | 019017338 |
| OTIIMA MUCH MORE THAN A WINDOW & Design | International Registration (designating Brazil, Israel, UAE, India, Bahrain, UK, Mexico, Canada, Türkiye, USA) | Registered | 1/22/2025 | 1851344 |

Mitchell Silberberg & Knupp LLP

20889425.1

7

**COMPLAINT**

**C.    Otiima's U.S. distributor, Otiima USA, had limited rights as a licensee.**

19.    Around June 2016, Otiima was approached by Taylor and Stacy Titoni, who were interested in distributing Otiima's products in the U.S. market. The Titonis were experienced in the window industry and were already operating as dealers for competing brands of window systems.

20.    Between about June and October 2016, Otiima and the Titonis negotiated and entered into a manufacturer-distributor relationship based on a verbal agreement, including a license of the OTIIMA Mark for use in connection with the sale and promotion of Otiima's products in the United States.

21.    To enable the distribution of Otiima's products in the U.S., the Titonis formed a California corporation named Otiima USA on July 15, 2016. The Titonis also registered the domain name otiimausa.com on June 27, 2016.

22.    Taylor Titoni is the CEO of Otiima USA. Stacy Titoni is the Secretary and CFO of Otiima USA.

23.    Otiima USA has used Otiima's Marks as an authorized distributor and licensee since the beginning of the parties' distribution agreement. Under this agreement, Otiima has always been solely responsible for the engineering, research & development, manufacture, and shipping of its products to the United States, which arrive in crates branded with Otiima's Marks, for Otiima USA to receive, distribute, and install in the project.

24.    On December 2, 2016, Taylor Titoni publicly stated in an Instagram post: "These Otiima doors are amazing! So excited to be bring [sic] the brand to the US market. We are so close to our official launch...... samples arriving this month.... orders already underway."

Mitchell
Silberberg &
Knupp LLP

20889425.1

8

**COMPLAINT**



25.     Otiima USA operates a product showroom located at 155 Arena St. El Segundo, CA 90245, where it displays Otiima's products for potential customers. Otiima USA sells Otiima's products to U.S. architects, builders, and other professionals who know and seek out the high-quality products represented by Otiima's Marks and its reputation in the industry.

26.     Otiima USA has never owned any right, title, or interest in Otiima's Marks except for its limited right to use the marks as a licensee with Otiima's permission. Otiima, not Otiima USA, has always been the owner and in control of the quality of the products offered under Otiima's Marks.

27.     On or around February 8, 2022, Otiima USA provided a draft Exclusive Distribution Agreement to Otiima for review, with the stated goal to "memorialize

their agreement" for Otiima USA to be the sole distributor of Otiima products in the United States. The draft Exclusive Distribution Agreement acknowledged that "ECOSTEEL [now Otiima] is the owner of the European Union Intellectual Property Office trademark for "OTIIMA MUCH MORE THAN A WINDOW" registered October 5, 2017 with serial number 016819203." A copy of the draft Exclusive Distribution Agreement is attached as Exhibit B.

28.    The draft Exclusive Distribution Agreement shows Otiima USA's admission that that it did not own any of Otiima's Marks, and was a mere licensee and distributor, specifically:

20. Trademarks and Trade names

A. Use. During the term of this Agreement, OTIIMA USA shall have the right to indicate to the public that it is an authorized distributor of ECOSTEEL's Products and to advertise within the Region such Products under the trademarks, service marks, and trade names that ECOSTEEL may adopt from time to time ("ECOSTEEL's Trademarks"). Nothing herein shall grant OTIIMA USA any right, title, or interest in ECOSTEEL's Trademarks. At no time during the term of this Agreement or at any time thereafter shall OTIIMA USA challenge or assist others in challenging ECOSTEEL's Trademarks or the registration thereof or attempt to register any trademarks, service marks, or trade name confusingly similar to those of ECOSTEEL. ECOSTEEL indemnifies OTIIMA USA for all use of ECOSTEEL's Trademarks.

29.    Around 2023, the Titonis began developing their own steel window products, which they began marketing under the name Titoni Window Systems. These steel window products were not competitive with Otiima's aluminum window products. However, more recently, Otiima discovered through social media posts that the Defendants also began marketing an aluminum window product that directly competes with Otiima's products. Now, Defendants have commingled their own non-Otiima products alongside the marketing of genuine Otiima products, all under the OTIIMA Mark. Otiima USA is using the OTIIMA Mark to misrepresent the source of its own products that were not manufactured or approved by Otiima.

30.    Otiima USA has attempted to claim ownership of the OTIIMA Mark for itself, despite its position as a mere distributor and licensee of Otiima. For the

Mitchell
Silberberg &
Knupp LLP

20889425.1

10

**COMPLAINT**

reasons recounted below, on May 21, 2025, Otiima formally terminated its business relationship with Otiima USA and the license to use Otiima's Marks effective immediately.

**D.      Otiima USA files trademark registrations for the OTIIMA Marks.**

31.     On September 28, 2021, Otiima USA filed two U.S. Trademark Applications without Otiima's knowledge or authorization:

- Serial No. 97050175 for the mark OTIIMA for "Doors and windows of metal" in Class 6 and "Non-metal windows and doors" in Class 19.
- Serial No. 97050140 for the mark OTIIMA MUCH MORE THAN A WINDOW for "Doors and windows of metal" in Class 6 and "Non-metal windows and doors" in Class 19.

32.     Otiima USA filed these applications based on use in commerce and specimens of use showing Otiima's products bearing Otiima's Marks. Attorney H. Michael Soroy signed the application declarations as attorney of record on behalf of Otiima USA, including the declaration that "[t]he signatory believes that the applicant is the owner of the trademark/service mark sought to be registered." At no time has Otiima USA been the owner of Otiima's Marks or entitled to register them.

33.     Upon becoming aware of these applications, Otiima contacted the Titonis and requested immediate assignment of the applications to prevent Otiima USA from receiving a trademark registration to which it was not entitled. On January 12, 2022, Otiima USA assigned the applications to Ecosteel, S.A. (now Otiima). That assignment was recorded with the USPTO Assignment Division at Reel/Frame 7604/0868.

34.     On October 18, 2022, both applications registered in the name of Ecosteel, S.A. (now Otiima) as U.S. Reg. Nos. 6878864 and 6878869. See Exhibit A. Otiima's name change from Ecosteel, S.A. to Otiima Industries, S.A. was recorded with the USPTO Assignment Division at Reel/Frame 8893/0515 on June 10, 2025.

Mitchell
Silberberg &
Knupp LLP

20889425.1

11

**COMPLAINT**

35.    Despite this incident, Otiima believed the issue had been resolved and the parties could move forward in their otherwise successful business arrangement.

36.    On January 22, 2025, Otiima filed its own new U.S. Trademark Application Serial No. 79422305, as a designation of International Registration No. 1851344, for the mark OTIIMA MUCH MORE THAN A WINDOW & Design ÖTIIMA for the following goods and services:

- "Aluminium; window frames of metal; ironwork for windows; windows of metal; metal window cranks; shutters of metal; door frames of metal; greenhouse frames of metal; frames of metal for building; metal casement windows (frames); doors of metal; metal materials for construction" in Class 6;

- "Building materials, not of metal; frames and structures of wood; window frames, not of metal; window frames with an aluminium coating; windows, not of metal; shutters, not of metal; interior non-metal window shutters; doors, not of metal; door frames, not of metal; door frames, not of metal; door panels, not of metal; window glass for building; window glass, other than vehicle window glass; insulating glass for building; building glass; safety glass; window glass for building" in Class 19;

- "Advertising; business management; business administration; office functions, including presentation of goods on communication media, for retail purposes, computerized file management; professional business consultancy; organisation of exhibitions and trade fairs for business and promotional purposes; compilation and systemization of information into computer databases; data search in computer files for others; business research and marketing studies; distribution of product samples and promotional materials; promoting sales and wholesale and retail services of aluminium, metal window frames, ironwork for windows, windows of metal, metal window cranks, shutters of metal, metal door frames, greenhouse frames of metal, frames of metal for building, casement windows of metal, shutters of metal, doors of metal, metal building materials, non-metallic building materials, wood window frames and structures, non-metal window frames; sales promotion and wholesaling and retailing, in relation to the following goods: window frames clad in wood, windows, not of metal, shutters, not of metal, non-metallic interior blinds for

Mitchell
Silberg &
Knupp LLP

20889425.1

12

**COMPLAINT**

windows, non-metal doors, door fittings, not of metal, door panels, not of metal, sheets of glass [windows] for building, glazing, except glass for vehicle windows, insulating glass for building, window glass for building, safety glass; import-export agency services; business advice relating to franchising" in Class 35; and

- "Construction services; installation of glass in conservatories, windows, doors and greenhouses; installation and repair of window frames; installation of insulating glass in conservatories, windows, doors and greenhouses; providing information relating to window cleaning services; installation of doors and windows; installation, maintenance and repair of automatic apparatus for opening and closing semi-circular windows; installation, maintenance and repair of automatic apparatus for opening and closing windows; installation, maintenance and repair of automatic apparatus for opening and closing windows, semi-circular windows, skylights and ventilation flaps; installation, servicing and repair, in relation to the following goods: mechanically operated devices for opening and closing windows, semi-circular windows, skylights and ventilation flaps; installation, servicing and repair, in relation to the following goods: mechanically operated devices for opening and closing windows; installation, maintenance and repair of mechanically operated apparatus for opening and closing semi-circular windows; fitting and repair of door frames" in Class 37.

37.    On March 20, 2025, again without Otiima's knowledge or authorization, Otiima USA filed another pair of U.S. Trademark Applications (copies of which are attached as Exhibit C):

- Serial No. 99095291 for the mark OTIIMA (Stylized) **OTIIMA** for the following services: "Custom built window installation services; Custom built windows installations; windows repair" in Class 37; "Distribution services, namely, delivery of custom-built windows and window accessories" in Class 39; and "Custom fabrication of windows; Prototype fabrication of windows for individual and businesses; Custom manufacturing of windows; Manufacturing

Mitchell
Silberberg &
Knupp LLP

20889425.1

13

**COMPLAINT**

of windows and window accessories, namely, custom curtain wall and sliding door tracks" in Class 40.

- Serial No. 99093105 for the mark OTIIMA USA for the following services: "Custom built window installation services; Custom built windows installations; windows repair" in Class 37; "Distribution services, namely, delivery of custom-built windows and window accessories" in Class 39; and "Custom fabrication of windows; Prototype fabrication of windows for individual and businesses; Custom manufacturing of windows; Manufacturing of windows and window accessories, namely, custom curtain wall and sliding door tracks" in Class 40.

38.     These newer applications were filed based on intent to use. Attorney Maria Johnson signed the application declarations as attorney of record on behalf of Otiima USA, including the declarations that "[t]he signatory believes that the applicant is entitled to use the mark in commerce" and "[t]he applicant has a bona fide intention to use the mark in commerce." As with the earlier set of applications filed by Otiima USA, these declarations are false because Otiima USA is not and has never been the owner of any OTIIMA trademark. Nor could Otiima USA possibly have the requisite bona fide intention to use the mark in commerce given its infringing activities and knowledge of Otiima's true ownership of the marks.

**E.     Otiima USA's fraudulent and infringing activities.**

39.     Despite years of mutual cooperation between Otiima and Otiima USA and respect for each other's different product lines, Otiima USA developed and promoted a directly competing aluminum window system under the Titoni Windows brand while simultaneously using the name "OTIIMA USA," thereby misleading architects, contractors, and end users to believe those were genuine Otiima products. Otiima USA failed to notify Otiima regarding these decisions, and Otiima only became aware of this activity through the social media activity of Otiima USA's representatives and complaints from existing customers.  This was a significant deviation from the parties' established arrangement.

///

Mitchell
Silberberg &
Knupp LLP

20889425.1

14
**COMPLAINT**

40.     Otiima USA's actions – coupled with its promotion of Titoni Windows products under the OTIIMA Mark – have led to confusion amongst consumers and damage to Otiima's established goodwill.

41.     As further evidence of bad faith, Otiima USA has presented proposals for alternatives to the genuine Otiima products to architects, homeowners and contractors and has criticized the quality of the Otiima products, undermining Otiima's established market channels and jeopardizing its relationships with customers.  Otiima USA has made repeated attempts to engage clients outside of official channels and blatantly misused the OTIIMA Mark when providing quotes for Titoni Windows products under the OTIIMA USA name.

42.     Project names in Otiima's sales pipeline have been deliberately changed, effectively removing visibility from its clients and architects, which can only be construed as attempts to hide information about these projects from Otiima.  Otiima USA has violated Otiima's brand guidelines by modifying the stylization of the OTIIMA Mark on social media accounts without authorization, undermining the integrity of Otiima's identity.  There have been multiple instances where Otiima USA has engaged with employees of Otiima through unofficial social media channels, including by an Otiima USA representative in Portugal. Otiima USA has also established contact with a primary competitor of Otiima in Portugal.

43.     Otiima USA's history of bad faith and poor business decisions have led to irreversible damage to Otiima's reputation and commercial success in the U.S. market.  Otiima has received multiple complaints from local dealers and installers who are unable to work productively with Otiima USA and have been confused by Otiima USA's misleading statements and promotion of non-Otiima products under the OTIIMA Mark, leading to strained relationships and damage to Otiima's goodwill.

44.     Otiima USA's deliberate attempts to confuse the public are further demonstrated by a recent change to Taylor Titoni's LinkedIn profile which falsely

Mitchell
Silberberg &
Knupp LLP

20889425.1

15

**COMPLAINT**

identified him as the CEO of Otiima. This calculated and manipulative misrepresentation – coupled with a direct link to Otiima's official LinkedIn profile – is willfully deceptive and violates the trust of both Otiima and its customers. Otiima reported the false profile information to LinkedIn and it was promptly removed.

45.    Otiima USA has unilaterally altered National Fenestration Rating Council (NFRC) listings and Florida Business Code (FBC) hurricane testing certificates to show itself – or Titoni Windows – as the manufacturer of proprietary Otiima systems.  There is no legal or factual basis for Otiima USA to identify itself as the manufacturer for any Otiima products. Otiima's systems are designed, developed, and manufactured exclusively by Otiima, which Otiima USA knows. Third parties rely on these certifications for code compliance, procurement, and safety standards.  Otiima USA's actions are misleading to industry stakeholders and regulatory authorities and violate NFRC compliance standards and building codes.

46.    Otiima USA also updated its website at otiimausa.com to make false statements about where the Otiima products are manufactured and by whom:



Mitchell
Silberberg &
Knupp LLP

20889425.1

16

**COMPLAINT**

47.    Otiima USA has not taken over the manufacturing of the Otiima USA products in any way, shape, or form. In fact, the picture displayed above on their website shows Otiima's windows made in Portugal, as installed in the Desert Palisades project by Woods + Dangaran. All products formerly marketed as Otiima USA under a license from Otiima have only been manufactured by Otiima in Portugal.

48.    Otiima USA is fully aware that it is making false and confusing statements. In a misguided attempt to mitigate the damage, Otiima USA added the following disclaimer to its website at otiimausa.com:

*OTIIMA USA  is an independent entity and is not affiliated with, sponsored by, or associated in any way with the Portuguese companies Ecosteel S.A., MMTW (Much More Than a Window), or OTIIMA Industries, S.A. Any reference to these entities is provided solely for clarification and historical context, and should not be interpreted as implying any form of partnership, joint venture, ownership interest, or endorsement.

49.    Otiima USA has also falsely promoted genuine Otiima products as Titoni products and implied that these are manufactured in the USA when they are in fact manufactured in Portugal by Otiima. For example, on June 10, 2025, Otiima USA posted a photograph of an Otiima sliding window on Instagram and falsely described it as the "TITONI ICON System".  Photographs of other Otiima products

such as an Otiima pivot door are also being falsely described as Titoni products on Otiima USA's Instagram and website:



**COMPLAINT**

Mitchell
Silberberg &
Knupp LLP

20889425.1



50.    In furtherance of these false and misleading advertisements, Otiima USA has directly copied Otiima's product renderings and is using them to promote non-genuine Otiima products. In at least one case, Otiima USA modified one of Otiima's renderings to replace the OTIIMA Mark with the Titoni Windows Systems "T" logo. A side-by-side comparison is shown below:

Mitchell
Silberberg &
Knupp LLP

20889425.1

19

**COMPLAINT**

| Original Otiima Rendering | Copied Rendering |
|---|---|



**COMPLAINT**

Mitchell Silberberg & Knupp LLP

20889425.1

| Original Otiima Rendering | Copied Rendering |
|---|---|
|  | |

51.    Otiima USA is using the copied renderings above and Otiima's product names to advertise these non-genuine Otiima products as "The Improved" versions of Otiima's products, as shown below:

**Otiima Product Names:**

  

**Titoni Copied Product Names:**

**COMPLAINT**

Mitchell
Silberberg &
Knupp LLP

20889425.1



### F.    Otiima USA's derogatory statements and interference with Otiima's customers.

52.    Otiima USA has interfered with Otiima's business by wrongfully cancelling customer orders without notifying the customer or returning the customer's paid deposit. Otiima has received at least **seven** complaints directly from customers who are confused. As an example, Otiima received the Whatsapp message below from a confused customer on July 6, 2025:

Good afternoon Andre,
I do not have your email so I try to communicate with you via What's up at this time.
This is ▇▇▇▇▇▇ the current customer that we have placed our orders with Otiima for our doors and windows.
Last week, we were advised that the relationship with Otiima-USA and Otiima Portugal has ended. We were always told that The USA branch is your representative in USA and our orders are sent to Portugal to manufacture and ship to us. Now, they tell us that our orders will be made in USA. We see quite surprised and frankly confused.
The representative in USA mentions that your company has a new owner and your manufacturing company is in a chaotic situation and orders are delayed, quality is substandard and shipping is delayed often.
We have invested a lot of time on the shop drawings and placed over $200,000,00 in deposit with USA company.
We need to make a serious decision on what course of action we must make. Please contact me via my email and perhaps a phone call . This is a serious matter to consider.

Mitchell
Silberberg &
Knupp LLP

20889425.1

22

**COMPLAINT**

53.     As another example, Otiima received an email from a customer on June 20, 2025, asking to confirm that it would receive the genuine Otiima products for its construction project, after being confused by Otiima USA's misleading marketing and statements.  The customer had been informed by Otiima USA that the products were ordered from Otiima in Portugal, which was true on April 24, 2025. But Otiima USA subsequently cancelled the order with Otiima on May 8, 2025. The customer was not informed of the cancellation by Otiima USA and believed that the project with Otiima systems was still in production in Portugal. Additionally, customers have paid deposits to Otiima USA for their orders, which Otiima USA then passed on to Otiima. But when Otiima USA later cancelled the orders and received a credit back from Otiima for the deposit, Otiima USA did not return the deposit back to the customer. These actions have caused significant disruptions to Otiima's business and harm to its customer relationships and overall reputation in the industry. Otiima USA is falsely informing customers that these disruptions are due to Otiima's own actions and wrongly shifting blame onto Otiima to intentionally damage its reputation. Representative examples of such customer complaints are attached as Exhibit D.

54.     On June 27, 2025, Otiima posted a statement to its website, LinkedIn, and Instagram to clarify that it had terminated its relationship with the Defendants and would be entering the U.S. market directly. Employees, agents, and/or family members of Defendants immediately began posting derogatory comments on Otiima's LinkedIn and Instagram posts, examples of which are shown below, including two separate threats to Otiima to "know your place":

Mitchell
Silberberg &
Knupp LLP

20889425.1

23

**COMPLAINT**



Mitchell
Silberberg &
Knupp LLP

20889425.1

**COMPLAINT**





Mitchell
Silberberg &
Knupp LLP

20889425.1

25

**COMPLAINT**





**COMPLAINT**

Mitchell
Silberg &
Knupp LLP

20889425.1

55.     Continuing their misinformation campaign, on July 3, 2025, Defendants sent a mass email to their customer list under the subject line "THE EVOLUTION OF OTIIMA USA". This email is full of false, misleading, and derogatory statements towards Otiima, clearly intended to harm Otiima's reputation and interfere with its customer relationships. The email is full of harmful statements, including but not limited to:

• "In 2024, following a change in ownership, **the Portugal factory suffered a dramatic decline in performance**, characterized by critical production errors, incomplete shipments, escalating service failures, severe delivery delays …"

• "TITONI | OTIIMA USA has always fabricated its glass panels in-house at our Los Angeles headquarters…"

• "We operate with **full legal authority under U.S. law** to recreate, refine, and advance the systems our clients have trusted for the past nine years."

• "rapid and undeniable decline of the Portugal operation."

• **Who built the OTIIMA brand in the U.S.**?

TITONI. … It was our effort, not the factory overseas, that established the benchmark for minimal-frame windows in the U.S. market. We owned the brand name OTIIMA in the US and we defined it through our team at TITONI | OTIIMA USA

A copy of the email is attached as Exhibit E.

56.     This July 3, 2025 email was forwarded to Otiima by at least one concerned customer in the U.S.

57.     Similar false statements were posted on otiimausa.com on or around July 3, 2025, with the blatant intent to publicly to damage Otiima's reputation.

**G.     Otiima USA has Failed to Pay Otiima for Use of the Otiima Products.**

58.     As of June 13, 2025, Otiima USA owes Otiima over € 500,000 for ongoing projects for which customers ordered Otiima products through Otiima USA.

Mitchell
Silberberg &
Knupp LLP

20889425.1

27

**COMPLAINT**

59.     During May 2025, the parties had agreed upon a payment plan for Otiima USA to fully pay its outstanding balances to Otiima. Otiima USA has failed to meet its obligations under that payment plan.

60.     Instead, on June 13, 2025, Otiima USA attempted to unilaterally modify the agreed upon payment schedule, requesting significant discounts because of U.S. tariffs on aluminum. Otiima USA also threatened that if Otiima did not accept the reduced payment, it would "have no choice but to inform our clients that OTIIMA Industries has declined to share in the financial impact, and that the added cost stems from that decision — not from OTIIMA USA." These threats can only be intended to further damage Otiima's reputation in the U.S. market, as evidenced by the entire pattern of Otiima USA's behavior described above.

**H.     The USPTO Cancellation Proceeding.**

61.     Finally, on March 28, 2025, just as Otiima USA began ramping up its fraudulent activities described above, Otiima USA filed a Petition for Cancellation of Otiima's Reg. Nos. 6878869 and 6878864, now pending as Cancellation No. 92087958 before the Trademark Trial and Appeal Board ("TTAB").

62.     As grounds for cancellation, Otiima USA alleged the following:

> The current registrant does not have legitimate ownership. The current owner is no longer the original Respondent, Ecosteel, S.A., and has no legitimate claim or continuity of rights to the trademarks.
>
> The trademarks were originally and continuously used in U.S. commerce by Petitioner since 2016.
>
> The registrations assignment were assigned [sic] through misrepresentation and coercion, constituting a breach of agreement and bad faith.

63.     On June 10, 2025, Otiima filed a Motion to Dismiss the Petition for Cancellation for failure to state a claim. The TTAB suspended the cancellation proceedings pending disposition of Otiima's motion.

64.     On July 1, 2025, Otiima USA filed an Amended Petition for Cancellation.

Mitchell
Silberg &
Knupp LLP

20889425.1

28

**COMPLAINT**

65.     As detailed in the preceding sections, this case involves actual confusion in the marketplace caused by Defendants infringing and fraudulent activities, and requires remedies that are outside the jurisdiction and authority of the TTAB. Therefore, the cancellation proceedings should be suspended pending the disposition of this suit, so that the court may appropriately direct the USPTO regarding rectification of the register and otherwise as to the ownership and validity of the above-referenced trademark filings.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

## Lanham Act

66.     Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

67.     Plaintiff owns all right, title and interest in and to Otiima's Marks, and the goodwill therein.

68.     Plaintiff's rights in and to Otiima's Marks are prior to the acts committed by Defendants as described herein.

69.     As described above, Defendants are using and will continue to use trademarks identical or confusingly similar to Otiima's Marks for goods and services related to those offered by or threatened to be offered by Plaintiff.

70.     Defendants' unauthorized use in commerce of Otiima's Marks as alleged herein is likely to deceive (and has already deceived) consumers as to the origin, source, sponsorship, or affiliation of Otiima's goods. Likewise, Defendants' use of Otiima's Marks is likely to cause (and has already caused) consumers to believe, contrary to fact, that Defendants' infringing goods are sold, authorized, endorsed, or sponsored by Plaintiff.

71.     Defendants' conduct therefore constitutes trademark infringement in violation of Lanham Act § 32(1) (15 U.S.C. § 1114(1)).

Mitchell
Silberberg &
Knupp LLP

20889425.1

29

**COMPLAINT**

72. Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in Otiima's Marks and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

73. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

74. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action together with pre-judgment and post-judgment interest.

**COUNT II**

**UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**

**Lanham Act**

75. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

76. Plaintiff owns all right, title and interest in and to Otiima's Marks, and the goodwill therein, for the OTIIMA goods.

77. Plaintiff's rights in and to Otiima's Marks are prior to the acts committed by Defendants as described herein.

78. As described above, Defendants are using and will continue to use trademarks identical or confusingly similar to Otiima's Marks for goods and services related to those offered by or threatened to be offered by Plaintiff.

79. Defendants' unauthorized use in commerce of Otiima's Marks as alleged herein is likely to deceive (and already has deceived) consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause (and has already caused) consumers to believe, contrary to fact, that Defendants'

Mitchell
Silberberg &
Knupp LLP

20889425.1

30

**COMPLAINT**

infringing goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

80. Defendants' unauthorized use in commerce of Otiima's Marks as alleged herein constitutes unfair competition and use of a false designation of origin in violation of Lanham Act 43(a) (15 U.S.C. § 1125(a)).

81. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

82. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

83. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action together with pre-judgment and post-judgment interest.

## COUNT III
## FALSE ADVERTISING
### Lanham Act

84. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

85. Defendants' advertising of its goods and services in connection with Otiima's Marks in numerous Facebook and Instagram posts, as set forth above, constitute use in commercial advertising or promotion of false and/or misleading descriptions of fact that misrepresent the characteristics and qualities of Plaintiff's services and Defendants' services in violation of 15 U.S.C. § 1125(a). These false and/or misleading descriptions of fact actually deceived or intended to deceive a

Mitchell Silberberg & Knupp LLP

20889425.1

31

**COMPLAINT**

substantial number of consumers and were material to consumers' purchasing decisions.

86. Defendants' actions as alleged herein constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

87. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

88. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to his goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

89. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with pre-judgment and post-judgment interest.

## COUNT IV

## TRADEMARK INFRINGEMENT

### California Law

90. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

91. Plaintiff owns all common law right, title and interest in and to Otiima's Marks, and the goodwill therein.

92. Plaintiff's rights in and to Otiima's Marks are prior to the acts committed by Defendants as described herein.

93. As described above, Defendants are using and will continue to use trademarks identical or confusingly similar to Otiima's Marks for goods and services related to those offered by or threatened to be offered by Plaintiff.

Mitchell
Silberberg &
Knupp LLP

20889425.1

32

**COMPLAINT**

94. Defendants' unauthorized use in commerce of Otiima's Marks as alleged herein is likely to deceive (and has already deceived) consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods. Likewise, Defendants' use of Otiima's Marks is likely to cause (and has already caused) consumers to believe, contrary to fact, that Defendants' infringing goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

95. Defendants' acts and conduct complained of herein constitute trademark infringement in violation of California common law.

96. Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct complained of herein, unless restrained by law.

97. Plaintiff has no adequate remedy at law.

## COUNT V

## UNFAIR COMPETITION UNDER

## BUSINESS AND PROFESSIONS CODE § 17200

98. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

99. Plaintiff owns all right, title and interest in and to Otiima's Marks, and the goodwill therein, for the Otiima goods.

100. Plaintiff's rights in and to Otiima's Marks are prior to the acts committed by Defendants as described herein. As described above, Defendants are using and will continue to use trademarks identical or confusingly similar to Otiima's Marks for goods and services related to those offered by or threatened to be offered by Plaintiff.

101. Defendants' unauthorized use in commerce of Otiima's Marks as alleged herein is likely to deceive (and already has deceived) consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause (and has already caused) consumers to believe, contrary to fact, that Defendants'

Mitchell
Silberberg &
Knupp LLP

20889425.1

33

**COMPLAINT**

infringing products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.  Defendants' conduct constitutes unlawful, unfair, and fraudulent business acts as well as deceptive, untrue, or misleading advertising.

102.  Defendants' acts and conduct complained of herein constitute unfair competition in violation of California law.

103.  Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct complained of herein, unless restrained by law.

104.  Plaintiff has no adequate remedy at law.

## COUNT VI

### FALSE ADVERTISING LAW UNDER

### BUSINESS AND PROFESSIONS CODE § 17500

105.  Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

106.  Plaintiff owns all right, title and interest in and to Otiima's Marks, and the goodwill therein, for the Otiima goods.

107.  Plaintiff's rights in and to Otiima's Marks are prior to the acts committed by Defendants as described herein. As described above, Defendants are using and will continue to use trademarks identical or confusingly similar to Otiima's Marks to advertise Defendants' goods and services as those related to Plaintiff's goods and services.

108.  Defendants' unauthorized use in commerce of Otiima's Marks as alleged herein is likely to deceive (and already has deceived) consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods, and is likely to cause (and has already caused) consumers to believe, contrary to fact, that Defendants' infringing products are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

Mitchell
Silberberg &
Knupp LLP

20889425.1

34

**COMPLAINT**

109. Such dissemination of untrue or misleading advertising, or advertising with the intent not to sell as advertised, when the advertiser knew or should have known the advertising was false, constitutes violations of False Advertising Law under California law.

110. Plaintiff has suffered, and will continue to suffer, irreparable harm from Defendants' acts and conduct complained of herein, unless restrained by law.

111. Plaintiff has no adequate remedy at law.

## COUNT VII

## TORTIOUS INTERFERENCE

112. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

113. Defendants' unauthorized use of Otiima's Marks to advertise and sell non-Otiima products has caused actual confusion among Otiima's customers, who have been misled into purchasing products not manufactured or endorsed by Otiima. This conduct has damaged Otiima's relationships with architects, builders, and other professionals who specifically seek out Otiima's high-quality products.

114. By advertising non-Otiima products under the OTIIMA Mark and engaging in bait-and-switch tactics, Defendants have intentionally diverted potential customers away from Otiima, interfering with Otiima's ability to secure new business opportunities.

115. Defendants' false claims of ownership of the OTIIMA Marks and misrepresentations regarding the origin of products have undermined Otiima's reputation and ability to attract new customers and business partners.

116. Defendants' actions were intentional, unjustified, and undertaken with knowledge of Otiima's rights and business relationships. The conduct was not privileged or excused, and it directly caused harm to Otiima's business interests.

117. As a direct and proximate result of Defendants' tortious interference, Otiima has suffered and continues to suffer substantial damages.

Mitchell
Silberberg &
Knupp LLP

20889425.1

35

**COMPLAINT**

## COUNT VIII

## BREACH OF CONTRACT

118. Plaintiff re-alleges and incorporates by reference the allegations of the preceding paragraphs as though fully set forth herein.

119. The parties entered into valid and enforceable contracts in the form of invoices.

120. Plaintiff performed under the terms of the invoices.

121. Defendants materially breached the contract by failing to pay Plaintiff for the products and services it provided to them.  Despite demand for payment, Defendants continue to refuse to pay the amounts owed to Plaintiff.

122. Defendants' failure to pay Plaintiff has damaged Plaintiff in an amount over $1,000,000 but within the jurisdictional limits of this Court.

## **REQUEST FOR RELIEF**

WHEREFORE, in consideration of the foregoing, Plaintiff Otiima Industries, S.A. respectfully requests that the Court:

A. Enter judgment in favor of Otiima against Defendants on all claims set forth in this Complaint;

B. Direct Otiima USA to expressly abandon pending Application Serial Nos. 99095291 and 99093105;

C. Order Defendants to transfer the domain name https://www.otiimausa.com to Plaintiffs;

D. Order Otiima USA to change its entity name with the California Secretary of State to a name that does not include "Otiima" or any confusingly similar variation;

E. Enjoin Defendants from using Otiima's Marks or any confusingly similar marks in commerce in connection with its goods and services, including, but not limited to, use in its domain name (https://www.otiimausa.com), social media usernames and handles,

LinkedIn profile, and/or by its sales team in the marketing or sales of infringing products;

F.   Enjoin Defendants from displaying Otiima's Marks or any confusingly similar marks on any social media accounts or websites controlled by Defendants;

G.   Enjoin Defendants from offering for sale or selling any products as "Otiima" products on social media accounts or websites controlled by Defendants, whether to third-party retailers, distributors, or end consumers;

H.   Enjoin Defendants from making any statements that interfere with Otiima's importation, distribution, or sale of its authentic products;

I.   Order Defendants to issue a corrective notice, in a form approved by the Court, clearly stating that Defendants' products are not affiliated with or authorized by Otiima;

J.   Enjoin Defendants from registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating any of Otiima's Marks or any other mark that infringes or is likely to be confused with Otiima's Marks;

K.   Enjoin Defendants from engaging in any activity that infringes Otiima's Marks or constitutes unfair competition with Plaintiff;

L.   Enjoin Defendants from aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (E) through (K) above;

M.   Order Defendants to file with the Court, within 30 days of entry of the order, a written certification under penalty of perjury confirming compliance with all provisions of the order;

N.   Award Otiima monetary damages;

Mitchell Silberberg & Knupp LLP

20889425.1

37

**COMPLAINT**

O.   Award Otiima interest, reasonable attorneys' fees, and costs incurred in maintaining this action, to the fullest extent allowed under 15 U.S.C. § 1117; and

P.   Award such additional relief as the Court deems just and proper.

DATED:  July 15, 2025

KARIN G. PAGNANELLI
BRADLEY J. MULLINS

MITCHELL SILBERBERG & KNUPP LLP


By:  */s/ Bradley J. Mullins*
Karin G. Pagnanelli (SBN 174763)
Bradley J. Mullins (SBN 274219)
Attorneys for Plaintiff OTIIMA
Industries, S.A.

# **DEMAND FOR JURY TRIAL**

Plaintiff demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues, including all claims.

DATED:  July 15, 2025

KARIN G. PAGNANELLI
BRADLEY J. MULLINS

MITCHELL SILBERBERG & KNUPP LLP


By:  */s/ Bradley J. Mullins*
    Karin G. Pagnanelli (SBN 174763)
    Bradley J. Mullins (SBN 274219)
    Attorneys for Plaintiff OTIIMA
    Industries, S.A.

Mitchell
Silberberg &
Knupp LLP

20889425.1

39

**COMPLAINT**

# **Exhibit A**

 **inpi** instituto nacional
da propriedade industrial

## Online Services

**Trademark search | Search by Registration Number | Application Summary**

| Details | | National Trademark Nr. 523562 | | |
|---|---|---|---|---|

**Details**
- Bibliographic Data
- Nice Classification
- Legal Status History
- Maintenance Fees
- Entities
- Filed Documents
- Publications
- Priority Information
- Designated Countries
- Vienna Classification
- Related Applications

**National Trademark Nr. 523562**

| | |
|---|---|
| **Filing Date** | 27-12-2013 |
| **Priority Date** | 27-12-2013 |
| **Modality** | not applicable |
| **Legal Status** | REGISTRATION GRANTED  |
| **Status Start Date** | 25-01-2021 |
| **Expected End Date** | --- |
| **Fee Status** | MAINT. FEES FULLY PAID |
| **Status Start Date** | 11-03-2024 |
| **Expected End Date** | 28-06-2033 |
| **Maintenance Fees** | Paid 2 |
| | Due 0 |
| **1st Publication Bulletin** | 09/01/2014 |
| **Final Decision Date** | 21-03-2014 |
| **Final Decision Bulletin** | 26/03/2014 |
| **Validity Start Date** | 27-12-2013 |
| **Expected Validity End** | --- |
| **Applicants/Owners** | OTIIMA INDUSTRIES, S.A. |
| **Representative** | ANA MARIA GONÇALVES FIDALGO |
| | AV. CASAL RIBEIRO, 50 - 3º |
| | 1000-093 LISBOA - PORTUGAL |
| **Nice Classification** | 06 19 37 |
| **Court Decision Pending?** | NO |
| **Court** | TRIBUNAL DA PROPRIEDADE INTELECTUAL |
| **Date Sent** | --- |
| **Seniority** | --- |

OTIMAH!

**Mark kind:** MIXED

**Representation Kind:** Standard

◀ Previous

© INPI 2008 | Service optimized for a screen resolution of 1024x768px | Phone: +351 21 881 81 00 | Email: servico.publico@inpi.pt | D



Trademark search | Search by Registration Number | Application Summary

| Details | |
|---|---|
| **Bibliographic Data** | |
| Nice Classification | |
| Legal Status History | |
| Maintenance Fees | |
| Entities | |
| Filed Documents | |
| Publications | |
| Priority Information | |
| Designated Countries | |
| Vienna Classification | |
| Related Applications | |

### National Trademark Nr. 560596

| | |
|---|---|
| **Filing Date** | 19-02-2016 |
| **Priority Date** | 19-02-2016 |
| **Modality** | not applicable |
| **Legal Status** | REGISTRATION GRANTED ⓘ |
| **Status Start Date** | 19-07-2021 |
| **Expected End Date** | --- |
| **Fee Status** | MAINT. FEES FULLY PAID |
| **Status Start Date** | 20-04-2022 |
| **Expected End Date** | 20-08-2025 |
| **Maintenance Fees** | Paid 1 |
| | Due 0 |
| **1st Publication Bulletin** | 08/03/2016 |
| **Final Decision Date** | 14-07-2021 |
| **Final Decision Bulletin** | 19/07/2021 |
| **Validity Start Date** | 19-02-2016 |
| **Expected Validity End** | --- |
| **Applicants/Owners** | OTIIMA INDUSTRIES, S.A. |
| **Representative** | ANA MARIA GONÇALVES FIDALGO<br>AV. CASAL RIBEIRO, 50 - 3º<br>1000-093 LISBOA - PORTUGAL |
| **Nice Classification** | 06 19 37 |
| **Court Decision Pending?** | NO |
| **Court** | --- |
| **Date Sent** | --- |
| **Seniority** | --- |

**OTIIMA** much more than a window

OTIIMA MUCH MORE THAN A WINDOW

**Mark kind:** MIXED

**Representation Kind:** Standard

◀ Previous

© INPI 2008 | Service optimized for a screen resolution of 1024x768px | Phone: +351 21 881 81 00 | Email: servico.publico@inpi.pt | D🌐



## OTIIMA MUCH MORE THAN A...

Return to results   Download PDF   Open in a new tab   ←   6 / 13   →

### REGISTERED TRADEMARK - UKIPO (UK)

| | | |
|---|---|---|
| 210 Serial number | 220 Application date | 540 Reproduction of the mark |
| UK00916819203 | June 9, 2017 | OTIIMA MUCH MORE THAN A WINDOW |
| 111 Registration number | 151 Registration date | |
| UK00916819203 | October 5, 2017 | |
| 551 Kind of mark | 180 Expiry date | |
| Individual | June 9, 2027 | |
| 550 Type of mark | | |
| Word | | |
| 511 Nice classification - NCL(10) | | |
| 35 | | |

## NAMES AND ADDRESSES

**730 NAME AND ADDRESS OF THE APPLICANT OR THE HOLDER**

- Name
  OTIIMA INDUSTRIES, S.A.
- Address
  Parque Industrial Amorim
  Rua Manuel Dias,
  440 PÓVOA DE VARZIM
  4495-129
- Country
  Portugal

**740 NAME AND ADDRESS OF THE REPRESENTATIVE**

- Name
  HL Renewals LLP
- Address
  One Portwall Square Portwall Lane Bristol BS1 6BH
- Country
  UK

## CLASSIFICATION

**511 THE INTERNATIONAL CLASSIFICATION OF GOODS AND SERVICES FOR THE PURPOSES OF THE REGISTRATION OF MARKS (NICE CLASSIFICATION)- NCL(10)**

- 35
  advertising • business management • business administration • office functions including presentation of goods on communication media, for retail purposes, computerized file management • professional business consulting    Show more

## IP OFFICE - UKIPO (UK)



- Official status
  Registered

- Status date
  October 5, 2017

- Country of filing
  UK

Disclaimer: Global Brand Database does not ensure the correctness nor the completeness of the information. Click here to see the record in office of origin.

## FURTHER INFORMATION

270 Application language
en



*Protect your intellectual property in the European Union*

## EUTM file information

# OTIIMA MUCH MORE THAN A WINDOW
**016819203**

## Timeline

| | Examination | | Opposition proceedings | | Registered EUTM | |
|---|---|---|---|---|---|---|

0 oppositions received

**11/07/2025**

| 09/06/2017 | 27/06/2017 | 28/06/2017 | 28/09/2017 | 10/10/2017 | 09/06/2027 |
|---|---|---|---|---|---|
| EUTM application received | Examination completed | Application published | End of opposition period | EUTM registered and published | EUTM expiry date |

## Trade mark information

| | | | |
|---|---|---|---|
| Name | **OTIIMA MUCH MORE THAN A WINDOW** | Filing date | **09/06/2017** |
| | | Registration date | **05/10/2017** |
| Filing number | **016819203** | Expiry date | **09/06/2027** |
| Basis | **EUTM** | Designation date | |
| Date of receipt | **09/06/2017** | Filing language | **English** |
| Type | **Word** | Second language | **Spanish** |
| Nature | **Individual** | Application reference | **MUE/17340/POR/GM** |
| Nice classes | **35 ( Nice Classification )** | Trade mark status | **Registered** |
| Vienna Classification | | | |
| | | Acquired distinctiveness | **No** |

## Goods and services

English (en)

**35** Advertising; business management; business administration; office functions including presentation of goods on communication media, for retail purposes, computerized file management; Professional business consulting; Organisation of exhibitions and trade fairs for business and promotional purposes; Compilation and systemization of information into computer databases; Data search in computer files for others, Business investigations and marketing studies; Product sample distribution and promotional materials; Promoting sales and wholesale and retail services of aluminium, metal window frames, ironwork for windows, windows of metal, metal window cranks, shutters of metal, metal door frames, greenhouse frames of metal, frames of metal for building, casement windows of metal, shutters of metal, doors of metal, metal building materials, non-metallic building materials, wood window frames and structures, non-metal window frames; Promoting sales and wholesale and retail services of window frames of wood clad, non-metal windows, shutters not of

This site uses cookies to offer you a better browsing experience, including for anonymized analytics. Find out more on how we use Cookies.

Accept all cookies

No thanks, only essential cookies

glass [windows] for building, window glass except glass for vehicle windows, insulating glass [building], building glass, safety glass, plate glass [windows] for building; Import and export services; Business advice relating to franchising.

## Description ▲

No data

## Owners ▲

### OTIIMA INDUSTRIES, S.A.

| | | | | | |
|---|---|---|---|---|---|
| ID | **836398** | Country | **PT - Portugal** | Correspondence address |  |
| Organisation | **OTIIMA INDUSTRIES, S.A.** | State/county | **n/a** | OTIIMA INDUSTRIES, S.A. Parque Industrial Amorim, Rua Manuel Dias, 440 P-4495-129 PÓVOA DE VARZIM PORTUGAL | Hidden. You can set your contact details to be publicly available via the User Area. |
| Legal status | **Legal entity** | Town | **PÓVOA DE VARZIM** | | Hidden. You can set your contact details to be publicly available via the User Area. |
| | | Post code | **4495-129** | | Hidden. You can set your contact details to be publicly available via the User Area. |
| | | Address | **Parque Industrial Amorim, Rua Manuel Dias, 440** | | |

## Representatives ▲

### CLARKE, MODET & CA. LDA.

| | | | | | |
|---|---|---|---|---|---|
| ID | **13796** | Country | **PT - Portugal** | Correspondence address | |
| Organisation | **n/a** | State/county | **n/a** | CLARKE, MODET & CA. LDA. Av. Casal Ribeiro, 50-3º andar P-1000-093 Lisboa PORTUGAL | Hidden. You can set your contact details to be publicly available via the User Area. |
| Legal status | **Legal person** | Town | **Lisboa** | | Hidden. You can set your contact details to be publicly available via the User Area. |
| Type | **Association** | Post code | **1000-093** | | Hidden. You can set your contact details to be publicly available via the User Area. |
| | | Address | **Av. Casal Ribeiro, 50-3º andar** | | |

## Correspondence ▲

| | From | Procedure | Filing number | Subject | Date | Actions |
|---|---|---|---|---|---|---|
| ☐ | | Recordal | 027885857 | T72RW - Change in the name and/or address of the applicant/proprietor - notification of entry in the Register | 09/06/2025 | |
| ☐ | | Recordal | 027885857 | Application form and attachment | 09/06/2025 | |

This site uses cookies to offer you a better browsing experience, including for anonymized analytics. Find out more on how we use Cookies.

Accept all cookies    No thanks, only essential cookies

| | From | Procedure | Filing number | Subject | Date | Actions |
|---|---|---|---|---|---|---|
| ☐ |  | EUTM | 016819203 | LSU01 — Information to proprietors of earlier trade mark registrations or applications (Article 43(7) EUTMR) | 23/05/2024 | |
| ☐ | | Recordal | 024135207 | H726A - Notification of entry of a change of representative in the Office - Register and database | 10/08/2023 | |
| ☐ | | Recordal | 024135207 | H726A - Notification of entry of a change of representative in the Office - Register and database | 10/08/2023 | |
| ☐ | | Recordal | 024135207 | Application form and attachment | 09/08/2023 | |
| ☐ | | Recordal | 020618297 | T72RR - Change in the name and/or business address of a representative - notification of entry in the Register | 06/10/2021 | |
| ☐ | | Recordal | 020618297 | Application form and attachment | 02/10/2021 | |
| ☐ | | Recordal | 018900863 | T72RR - Change in the name and/or business address of a representative - notification of entry in the Register | 01/12/2020 | |

Showing 1 to 10 of 14 entries

## IR transformation

No data

## Seniority

No data

## Exhibition Priority Claim

No data

## Priority Claim

No data

## Publications

| Bulletin number | Date | Section | Description |
|---|---|---|---|
| 2017/120 | 28/06/2017 | A.1 | Applications published under Article 44 EUTMR (Article 39 EUTMR before 01/10/2017) |
| 2017/192 | 10/10/2017 | B.2 | Registrations with amendments since the application was published |
| 2020/231 | 03/12/2020 | C.2.1 | Representative - Change of name and professional address |
| 2021/192 | 08/10/2021 | C.2.1 | Representative - Change of name and professional address |
| 2023/150 | 11/08/2023 | C.2.2 | Representative - Appointment / Replacement of representative |
| 2025/106 | 11/06/2025 | C.1.3 | Proprietor - Change of name and address |

Showing 1 to 6 of 6 entries

This site uses cookies to offer you a better browsing experience, including for anonymized analytics. Find out more on how we use Cookies.

Accept all cookies

No thanks, only essential cookies



No data

## Recordals

| Bulletin number | Date | Section | Filing number | Title | Subtitle |
|---|---|---|---|---|---|
| 2020/231 | 03/12/2020 | C.2.1 | 018900863 | Representative | Change of name and professional address |
| 2021/192 | 08/10/2021 | C.2.1 | 020618297 | Representative | Change of name and professional address |
| 2023/150 | 11/08/2023 | C.2.2 | 024135207 | Representative | Appointment / Replacement of representative |
| 2025/106 | 11/06/2025 | C.1.3 | 027885857 | Proprietor | Change of name and address |

Showing 1 to 4 of 4 entries

## Oppositions

No data

## Appeals

No data

## Decisions

No data

## Renewals

No data

## Trade mark relations

No data

## International Applications

No data

This site uses cookies to offer you a better browsing experience, including for anonymized analytics. Find out more on how we use Cookies.

Accept all cookies     No thanks, only essential cookies



*Protect your intellectual property in the European Union*

## EUTM file information

# Much more than a Window.
**017949138**

## Timeline

**Examination**  **Opposition proceedings**  **Registered EUTM**

0 oppositions received

**11/07/2025**

| | | | | |
|---|---|---|---|---|
| **30/08/2018** EUTM application received | **29/07/2021** Application published | **29/10/2021** End of opposition period | **08/11/2021** EUTM registered and published | **30/08/2028** EUTM expiry date |

## Trade mark information

| | | | |
|---|---|---|---|
| Name | **Much more than a Window.** | Filing date | **30/08/2018** |
| Filing number | **017949138** | Registration date | **05/11/2021** |
| Basis | **EUTM** | Expiry date | **30/08/2028** |
| Date of receipt | **30/08/2018** | Designation date | |
| Type | **Figurative** | Filing language | **English** |
| Nature | **Individual** | Second language | **Spanish** |
| Nice classes | **35 ( Nice Classification )** | Application reference | **MUE/18359/POR/CC/KM** |
| Vienna Classification | **27.05.01 ( Vienna Classification )** | Trade mark status | **Registered** |
| | | Acquired distinctiveness | **No** |

## Graphic representation

# Much more than a Window.

## Goods and services

English (en)

**35**  Business management; business administration; office functions including presentation of goods on communication media, for retail purposes, computerized file management; professional business consulting; compilation and systemization of information into computer databases; data search in computer files for others, business investigations and marketing studies.

## Description

No data

## Owners

# OTIIMA INDUSTRIES, S.A.

| | | | | | |
|---|---|---|---|---|---|
| ID | **1390038** | Country | **PT - Portugal** | Correspondence address |  |
| Organisation | **OTIIMA INDUSTRIES, S.A.** | State/county | **n/a** | OTIIMA INDUSTRIES, S.A. Parque Industrial Amorim, Rua Manuel Dias, 440 P-4495-129 PÓVOA DE VARZIM P-4495-129 Amorim PORTUGAL | Hidden. You can set your contact details to be publicly available via the User Area. |
| Legal status | **Legal entity** | Town | **Amorim** | |  |
| | | Post code | **4495-129** | | Hidden. You can set your contact details to be publicly available via the User Area. |
| | | Address | **Parque Industrial Amorim, Rua Manuel Dias, 440 P-4495-129 PÓVOA DE VARZIM** | | Hidden. You can set your contact details to be publicly available via the User Area. |

## Representatives

# CLARKE, MODET & CA. LDA.

| | | | | | |
|---|---|---|---|---|---|
| ID | **13796** | Country | **PT - Portugal** | Correspondence address |  |
| Organisation | **n/a** | State/county | **n/a** | CLARKE, MODET & CA. LDA. Av. Casal Ribeiro, 50-3º andar P-1000-093 Lisboa PORTUGAL | Hidden. You can set your contact details to be publicly available via the User Area. |
| Legal status | **Legal person** | Town | **Lisboa** | |  |
| Type | **Association** | Post code | **1000-093** | | Hidden. You can set your contact details to be publicly available via the User Area. |
| | | Address | **Av. Casal Ribeiro, 50-3º andar** | |  Hidden. You can set your contact details to be publicly available via the User Area. |

## Correspondence

| | From | Procedure | Filing number | Subject | Date | Actions |
|---|---|---|---|---|---|---|
| ☐ | | Recordal | 027885790 | T72RW - Change in the name and/or address of the applicant/proprietor - notification of entry in the Register | 09/06/2025 | |
| ☐ | | Recordal | 027885790 | Application form and attachment | 09/06/2025 | |
| ☐ | | Recordal | 027885790 | Application form and attachment | 09/06/2025 | |
| ☐ | | Recordal | 022849767 | Transfers - entry on the register. | 21/12/2022 | |
| ☐ | | Recordal | 022849767 | Application form and attachment | 15/12/2022 | |
| ☐ | | Recordal | 022849767 | Application form and attachment | 15/12/2022 | |
| ☐ | | Recordal | 022793775 | H726A - Notification of entry of a change of representative in the Office - Register and database | 15/12/2022 | |
| ☐ | | Recordal | 022793775 | H726A - Notification of entry of a change of representative in the Office - Register and database | 15/12/2022 | |
| ☐ | | Recordal | 022793775 | Application form and attachment | 06/12/2022 | |
| ☐ | | Recordal | 022793775 | Application form and attachment | 06/12/2022 | |

Showing 1 to 10 of 46 entries

## IR transformation  

No data

## Seniority

No data

## Exhibition Priority Claim

No data

## Priority Claim

No data

## Publications

| Bulletin number | Date | Section | Description |
|---|---|---|---|
| 2021/141 | 29/07/2021 | A.1 | Applications published under Article 44 EUTMR |
| 2021/212 | 08/11/2021 | B.1 | Registrations with no amendments since the application was published |
| 2022/238 | 16/12/2022 | C.2.2 | Representative - Appointment / Replacement of representative |
| 2023/001 | 03/01/2023 | C.1.1 | Proprietor - Total transfers |
| 2025/106 | 11/06/2025 | C.1.3 | Proprietor - Change of name and address |

Showing 1 to 5 of 5 entries

## Cancellation

No data

## Recordals

| Bulletin number | Date | Section | Filing number | Title | Subtitle |
|---|---|---|---|---|---|
|  |  |  | 018900863 | Representative | Change of name and professional address |
|  |  |  | 020618297 | Representative | Change of name and professional address |
| 2022/238 | 16/12/2022 | C.2.2 | 022793775 | Representative | Appointment / Replacement of representative |
| 2023/001 | 03/01/2023 | C.1.1 | 022849767 | Proprietor | Total transfers |
| 2025/106 | 11/06/2025 | C.1.3 | 027885790 | Proprietor | Change of name and address |

Showing 1 to 5 of 5 entries

## Oppositions

No data

## Appeals

| | Filing number | Contested decision | Type | Date of receipt | Status date | Language |
|---|---|---|---|---|---|---|
| ⊕ | R1718/2019-1 | Trade mark 017949138 | Trade mark | 05/08/2019 | 20/04/2020 | English |

Showing 1 to 1 of 1 entries

## Decisions

| | Case number | Type | Case | Legal status | Keywords | Status | Decision date |
|---|---|---|---|---|---|---|---|
| ⊕ | Refusal 017949138 | Refusal | | Article 7(1)(b) EUTMR, Article 7(2) EUTMR | | Partially rejected | 05/06/2019 |
| ⊕ | Appeal R1718/2019-1 | Appeal | | Article 7(1)(b) EUTMR, Article 7(2) EUTMR | Figurative element, Slogan mark, Word mark | Trade mark application partially refused | 27/11/2019 |

Showing 1 to 2 of 2 entries

## Renewals

No data

## Trade mark relations

No data

## International Applications

No data



| | | | |
|---|---|---|---|
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## ▼ Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | ECOSTEEL, S.A. |
| **Owner Address:** | PARQUE INDUSTRIAL AMORIM<br>RUA MANUEL DIAS, 440<br>PÓVOA DE VARZIM PORTUGAL P-4495-12 |
| **Legal Entity Type:** | SOCIEDAD ANONIMA |
| **State or Country Where Organized:** | PORTUGAL |

## ▼ Attorney/Correspondence Information

**Attorney of Record**

| | |
|---|---|
| **Attorney Name:** | NATHANIEL ST. CLAIR, II |
| **Attorney Primary Email Address:** | nstclairipdocket@jw.com |
| **Attorney Email Authorized:** | Yes |

**Correspondent**

| | |
|---|---|
| **Correspondent Name/Address:** | NATHANIEL ST. CLAIR, II<br>JACKSON WALKER L.L.P.<br>2323 ROSS AVENUE, SUITE 600<br>DALLAS, TEXAS UNITED STATES 75201 |
| **Phone:** | 214-953-6000 |
| **Correspondent e-mail:** | nstclairipdocket@jw.com sborrelli@jw.com cstephens@jw.com |
| **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## ▼ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jun. 22, 2025 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Jun. 22, 2025 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Jun. 18, 2025 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Apr. 01, 2025 | CANCELLATION INSTITUTED NO. 999999 | 87958 |
| Oct. 18, 2022 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Oct. 18, 2022 | REGISTERED-PRINCIPAL REGISTER | |
| Aug. 02, 2022 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 02, 2022 | PUBLISHED FOR OPPOSITION | |
| Jul. 13, 2022 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jun. 28, 2022 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 28, 2022 | ASSIGNED TO EXAMINER | |
| Mar. 09, 2022 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Feb. 25, 2022 | WITHDRAWAL OF ATTORNEY GRANTED | |
| Feb. 25, 2022 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED | |

Feedback

| Oct. 27, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Oct. 01, 2021 | NEW APPLICATION ENTERED |

## ▾ TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| **Current Location:** PUBLICATION AND ISSUE SECTION | **Date in Location:** Oct. 18, 2022 |

## ▾ Assignment Abstract Of Title Information - Click to Load

## ▾ Proceedings - Click to Load

Feedback



| | | | |
|---|---|---|---|
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## ▼ Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | ECOSTEEL, S.A. |
| **Owner Address:** | PARQUE INDUSTRIAL AMORIM<br>RUA MANUEL DIAS, 440<br>PÓVOA DE VARZIM PORTUGAL P-4495-12 |
| **Legal Entity Type:** | SOCIEDAD ANONIMA |
| **State or Country Where Organized:** | PORTUGAL |

## ▼ Attorney/Correspondence Information

### Attorney of Record

| | | | |
|---|---|---|---|
| **Attorney Name:** | NATHANIEL ST. CLAIR, II | | |
| **Attorney Primary Email Address:** | nstclairipdocket@jw.com | **Attorney Email Authorized:** | Yes |

### Correspondent

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | NATHANIEL ST. CLAIR, II<br>JACKSON WALKER L.L.P.<br>2323 ROSS AVENUE, SUITE 600<br>DALLAS, TEXAS UNITED STATES 75201 | | |
| **Phone:** | 214-953-6000 | | |
| **Correspondent e-mail:** | nstclairipdocket@jw.com sborrelli@jw.com<br>cstephens@jw.com | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## ▼ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Jun. 22, 2025 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Jun. 22, 2025 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Jun. 18, 2025 | ASSIGNMENT OF OWNERSHIP NOT UPDATED AUTOMATICALLY | |
| Apr. 01, 2025 | CANCELLATION INSTITUTED NO. 999999 | 87958 |
| Oct. 18, 2022 | NOTICE OF REGISTRATION CONFIRMATION EMAILED | |
| Oct. 18, 2022 | REGISTERED-PRINCIPAL REGISTER | |
| Aug. 02, 2022 | OFFICIAL GAZETTE PUBLICATION CONFIRMATION E-MAILED | |
| Aug. 02, 2022 | PUBLISHED FOR OPPOSITION | |
| Jul. 13, 2022 | NOTIFICATION OF NOTICE OF PUBLICATION E-MAILED | |
| Jun. 28, 2022 | APPROVED FOR PUB - PRINCIPAL REGISTER | |
| Jun. 28, 2022 | ASSIGNED TO EXAMINER | |
| Mar. 09, 2022 | AUTOMATIC UPDATE OF ASSIGNMENT OF OWNERSHIP | |
| Feb. 25, 2022 | WITHDRAWAL OF ATTORNEY GRANTED | |
| Feb. 25, 2022 | TEAS WITHDRAWAL OF ATTORNEY RECEIVED | |

| | |
|---|---|
| Oct. 27, 2021 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED |
| Oct. 01, 2021 | NEW APPLICATION ENTERED |

▼ **TM Staff and Location Information**

**TM Staff Information - None**

**File Location**

| **Current Location:** | PUBLICATION AND ISSUE SECTION | **Date in Location:** | Oct. 18, 2022 |
|---|---|---|---|

▼ **Assignment Abstract Of Title Information - Click to Load**

▼ **Proceedings - Click to Load**

Feedback



**Online Services**

Trademark search | Search by Registration Number | Application Summary

| Details |
|---|
| Bibliographic Data |
| Nice Classification |
| Legal Status History |
| Maintenance Fees |
| Entities |
| Filed Documents |
| Publications |
| Priority Information |
| Designated Countries |
| Vienna Classification |
| Related Applications |

**National Trademark Nr. 709497**

**OTIIMA GLASS**

**Mark kind:** WORD

**Representation Kind:** Standard

| | |
|---|---|
| **Filing Date** | 28-07-2023 |
| **Priority Date** | 28-07-2023 |
| **Modality** | not applicable |
| **Legal Status** | REGISTRATION GRANTED ⓘ |
| **Status Start Date** | 21-11-2023 |
| **Expected End Date** | --- |
| **Fee Status** | MAINT. FEES FULLY PAID |
| **Status Start Date** | 16-05-2024 |
| **Expected End Date** | 28-01-2033 |
| **Maintenance Fees** | Paid            1 |
| | Due             0 |
| **1st Publication Bulletin** | 29/08/2023 |
| **Final Decision Date** | 16-11-2023 |
| **Final Decision Bulletin** | 21/11/2023 |
| **Validity Start Date** | 28-07-2023 |
| **Expected Validity End** | --- |
| **Applicants/Owners** | OTIIMA INDUSTRIES, S.A. |
| **Representative** | ANA MARIA GONÇALVES FIDALGO |
| | AV. CASAL RIBEIRO, 50 - 3º |
| | 1000-093 LISBOA - PORTUGAL |
| **Nice Classification** | 19 21 37 |
| **Court Decision Pending?** | NO |
| **Court** | --- |
| **Date Sent** | --- |
| **Seniority** | --- |

◀ Previous

© INPI 2008 | Service optimized for a screen resolution of 1024x768px | Phone: +351 21 881 81 00 | Email: servico.publico@inpi.pt | D🌐



*Protect your intellectual property in the European Union*

## EUTM file information

# OTIIMA MUCH MORE THAN A WINDOW
**019017338**

## Timeline

| Examination | | Opposition proceedings | | Registered EUTM |
|---|---|---|---|---|

**11/07/2025**

0 oppositions received

**22/04/2024**
EUTM application
received

**23/05/2024**
Application
published

**23/08/2024**
End of
opposition period

**22/04/2034**
EUTM expiry date

**02/09/2024**
EUTM registered
and published

## Trade mark information

| | | | |
|---|---|---|---|
| Name | **OTIIMA MUCH MORE THAN A WINDOW** | Filing date | **22/04/2024** |
| | | Registration date | **30/08/2024** |
| Filing number | **019017338** | Expiry date | **22/04/2034** |
| Basis | **EUTM on which IA is based** | Designation date | |
| Date of receipt | **22/04/2024** | Filing language | **Portuguese** |
| Date of receipt of International Registrat... | **22/01/2025** | Second language | **English** |
| IRNumber | **1851344** | Application reference | **2024/15114** |
| Type | **Figurative** | Trade mark status | **Registered** |
| Nature | **Individual** | | |
| Nice classes | **6, 19, 35, 37 ( Nice Classification )** | Acquired distinctiveness | **No** |
| Vienna Classification | **15.01.25, 26.04.02, 26.04.22, 26.04.24, 27.01.02, 27.03.15 ( Vienna Classification )** | | |

## Graphic representation



## Goods and services



English (en)

**6**   Aluminium; Window frames of metal; Ironwork for windows; Windows of metal; Metal window cranks; Shutters of metal; Door frames of metal; Greenhouse frames of metal; Frames of metal for building; Metal casement windows (frames); Doors of metal; Metal materials for construction.

**19**   Building materials, not of metal; Window fittings, frames and structures of wood; Window frames, not of metal; Window frames with an aluminium coating; Windows, not of metal; Shutters, not of metal; Interior non-metal window shutters; Doors, not of metal; Door frames, not of metal; Door frames, not of metal; Door panels, not of metal; Window glass for building; Window glass, other than vehicle window glass; Insulating glass for building; Building glass; Safety glass; Window glass for building.

**35**   Advertising; Business management; Business administration; office functions, including presentation of goods on communication media, for retail purposes, computerized file management; Professional business consultancy; Organisation of exhibitions and trade fairs for business and promotional purposes; Compilation and systemization of information into computer databases; Data search in computer files for others; Business research and marketing studies; Distribution of product samples and promotional materials; Promoting sales and wholesale and retail services of aluminium, metal window frames, ironwork for windows, windows of metal, metal window cranks, shutters of metal, metal door frames, greenhouse frames of metal, frames of metal for building, casement windows of metal, shutters of metal, doors of metal, metal building materials, non-metallic building materials, wood window frames and structures, non-metal window frames; Sales promotion and wholesaling and retailing, in relation to the following goods: Window frames clad in wood, Windows, not of metal, Shutters, not of metal, non-metallic interior blinds for windows, Non-metal doors, Door fittings, not of metal, Door panels, not of metal, Sheets of glass [windows] for building, glazing, except glass for vehicle windows, insulating glass for building, Window glass for building, Safety glass; Import and export services; Business advice relating to franchising.

**37**   Construction services; Installation of glass in conservatories, windows, doors and greenhouses; Installation and repair of window frames; Installation of insulating glass in conservatories, windows, doors and greenhouses; Providing information relating to window cleaning services; Installation of doors and windows; Installation, maintenance and repair of automatic apparatus for opening and closing semi-circular windows; Installation, maintenance and repair of automatic apparatus for opening and closing windows; Installation, maintenance and repair of automatic apparatus for opening and closing windows, semi-circular windows, skylights and ventilation flaps; Installation, servicing and Repair, in relation to the following goods: Mechanically operated devices for opening and closing windows, semi-circular windows, skylights and ventilation flaps; Installation, servicing and Repair, in relation to the following goods: Mechanically operated devices for opening and closing windows; Installation, maintenance and repair of mechanically operated apparatus for opening and closing semi-circular windows; Fitting and repair of door frames.

## Description

No data

## Owners

## OTIIMA INDUSTRIES, S.A.



| | | | | |
|---|---|---|---|---|
| ID | **1506384** | Country | **PT - Portugal** | Correspondence address |
| Organisation | **OTIIMA INDUSTRIES, S.A.** | State/county | **n/a** | OTIIMA INDUSTRIES, S.A. Parque Industrial Amorim, Rua Manuel Dias, 440 P-4495-129 PÓVOA DE VARZIM PORTUGAL |
| Legal status | **Legal entity** | Town | **PÓVOA DE VARZIM** | |
| | | Post code | **4495-129** | |
| | | Address | **Parque Industrial Amorim, Rua Manuel Dias, 440** | |

Hidden. You can set your contact details to be publicly available via the User Area.

Hidden. You can set your contact details to be publicly available via the User Area.

Hidden. You can set your contact details to be publicly available via the User Area.

## Representatives

## CLARKE, MODET & CA. LDA.

| | | | | | |
|---|---|---|---|---|---|
| ID | **13796** | Country | **PT - Portugal** | **Correspondence address** |  Hidden. You can set your contact details to be publicly available via the User Area. |
| Organisation | **n/a** | State/county | **n/a** | CLARKE, MODET & CA. LDA. Av. Casal Ribeiro, 50-3º andar P-1000-093 Lisboa PORTUGAL | |
| Legal status | **Legal person** | Town | **Lisboa** | |  Hidden. You can set your contact details to be publicly available via the User Area. |
| Type | **Association** | Post code | **1000-093** | | |
| | | Address | **Av. Casal Ribeiro, 50-3º andar** | | ✉ Hidden. You can set your contact details to be publicly available via the User Area. |

## Correspondence

| | From | Procedure | Filing number | Subject | Date | Actions |
|---|---|---|---|---|---|---|
| ☐ | 👤 | IA | 019017338_01 | WIPO attachments | 24/04/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | Created | 24/04/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | TRANIR | 26/03/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | WIPO attachments | 26/03/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | WIPO attachments | 26/03/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | Letter to the EUIPO | 25/03/2025 | 🗎 |
| ☐ | ⮐ | IA | 019017338_01 | M200A - Letter special correspondence | 20/03/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | Letter to the EUIPO | 19/03/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | IRREGROUP | 03/03/2025 | 🗎 |
| ☐ | 👤 | IA | 019017338_01 | WIPO attachments | 02/02/2025 | 🗎 |
| Showing 1 to 10 of 30 entries | | | | | | |

## IR transformation

No data

## Seniority

No data

## Exhibition Priority Claim

No data

## Priority Claim

No data

## Publications

| Bulletin number | Date | Section | Description |
|---|---|---|---|
| 2024/096 | 23/05/2024 | A.1 | Applications published under Article 44 EUTMR |
| 2024/167 | 02/09/2024 | B.1 | Registrations with no amendments since the application was published |
| 2025/078 | 25/04/2025 | C.3.6 | International trade marks |

Showing 1 to 3 of 3 entries

## Cancellation

No data

## Recordals

No data

## Oppositions

No data

## Appeals

No data

## Decisions

No data

## Renewals

No data

## Trade mark relations

No data

## International Applications

| ID | Status | IA Receipt | IA Confirmation |
|---|---|---|---|
| 019017338_01 | IA REGISTERED AND PUBLISHED | | |

Showing 1 to 1 of 1 entries



 **WIPO**

Help ⌄    English ⌄    IP Portal login

Collapse navigation ↑

BRAND NAME    BRAND LOGO    ADVANCED SEARCH    EXPLORE    ↗VIENNA ASSISTANT    ↗G&S EXPLORER    REPORTS

# OTIIMA MUCH MORE THAN A...

Return to results    Download PDF    Open in a new tab    ←  7 / 13  →

⊚ INTERNATIONAL REGISTRATION IN FORCE TRADEMARK - Madrid (WIPO)

| | | |
|---|---|---|
| 111 Registration number<br>1851344 | 220 Application date<br>January 22, 2025 | OTIIMA [logo] |
| 551 Kind of mark<br>Individual | 151 Registration date<br>January 22, 2025 | |
| 550 Type of mark<br>Figurative | 180 Expiry date<br>January 22, 2035 | Find similar logos |
| 511 Nice classification - NCL(12-2025)<br>6, 19, 35, 37 | | 540 Reproduction of the mark<br>OTIIMA MUCH MORE THAN A WINDOW |

## NAMES AND ADDRESSES

**730 NAME AND ADDRESS OF THE APPLICANT OR THE HOLDER**

- Name
  OTIIMA INDUSTRIES, S.A.
- Address
  Parque Industrial Amorim
  Rua Manuel Dias
  440,
  P-4495-129 PÓVOA DE VARZIM
- Country
  Portugal

**740 NAME AND ADDRESS OF THE REPRESENTATIVE**

- Name
  Clarke, Modet & Co, Sociedade Unipessoal, Lda.
- Address
  Av. Casal Ribeiro
  50-3º andar, P-1000-093 Lisboa
- Country
  Portugal

**MADRID SPECIFIC**

811 Contracting State of which the holder is a national
  PT

## CLASSIFICATION

**511 THE INTERNATIONAL CLASSIFICATION OF GOODS AND SERVICES FOR THE PURPOSES OF THE REGISTRATION OF MARKS (NICE CLASSIFICATION)- NCL(12-2025)**

- 6
  aluminium • window frames of metal • ironwork for windows • windows of metal • metal window cranks • shutters of metal • door frames of metal • greenhouse frames of metal • frames of metal for building • metal casement windows (frames) •
- 19

building materials, not of metal • frames and structures of wood • window frames, not of metal • window frames with an aluminium coating • windows, not of metal • shutters, not of metal • interior non-metal window shutters • doors, not of

- 35
advertising • business management • business administration • office functions, including presentation of goods on communication media, for retail purposes, computerized file management • professional business consultan   Show more

- 37
construction services • installation of glass in conservatories, windows, doors and greenhouses • installation and repair of window frames • installation of insulating glass in conservatories, windows, doors and greenhouses • providi   Show more

### 531 INTERNATIONAL CLASSIFICATION OF THE FIGURATIVE ELEMENTS OF MARKS (VIENNA CLASSIFICATION)- VCL (9)

- 26.04.05
One quadrilateral
- 26.04.18
Quadrilaterals containing one or more letters
- 26.04.24
Quadrilaterals with dark surfaces or parts of surfaces
- 27.05.09
Series of letters presenting different forms of writing
- 27.05.10
Series of letters in different dimensions
- 27.05.24
Letters in light-coloured characters on a dark background

## RELATED MARKS

### 821 BASIC APPLICATION

- IP office of authority
EM
- Number
019017338
- Date
April 22, 2024

### 822 BASIC REGISTRATION

- IP office of authority
EM
- Number
019017338
- Date
August 30, 2024

## IP OFFICE - Madrid (WIPO)



- Official status
Registered
- Designated countries
UAE, Bahrain, Brazil, Canada, UK, Israel, India, Mexico, Türkiye, USA

Disclaimer: Global Brand Database does not ensure the correctness nor the completeness of the information. Click here to see the record in office of origin.

## FURTHER INFORMATION

270 Application language
en

821 Basic application
EM, 2024-04-22, 019017338

300 Data relating to priority under the Paris Convention and other data relating to registration of the mark in the country of origin

EM, 2024-04-22, 019017338

832 Designation(s) under the Madrid Protocol

AE, BH, BR, CA, GB, IL, IN, MX, TR, US

527 Indications regarding use requirements

GB, IN, US

# EXHIBIT B



EXCLUSIVE DISTRIBUTION AGREEMENT /

CONTRATO DE DISTRUIBUIÇÃO COM EXCLUSIVIDADE

This Exclusive Distribution Agreement ("Agreement") is dated as of February 8, 2022 ("Effective Date") and is entered into by and between OTIIMA USA, a California corporation, ("OTIIMA USA") with a mailing address of 1113 N. McKinley Ave. Los Angeles, California 90248, on one hand; and ECOSTEEL S.A., a Portuguese Public Limited ECOSTEEL and subsidiary of PERMANENTE, S.A., with a mailing address of Rua De Manuel Dias, 440, 4495-129 Amorim, Portugal ("ECOSTEEL") on the other hand. OTIIMA USA and ECOSTEEL are collectively referred to herein as the "Parties." /

O presente Contrato de Distribuição com Exclusividade ("Contrato"), firmado em 8 de Fevereiro de 2022 ("Data de Vigor"), entre, de um lado, OTIIMA USA, uma empresa da Califórnia ("OTIIMA USA"), com endereço em 1113 N. McKinley Ave. Los Angeles, California 90248; e, de outro lado, ECOSTEEL S.A., empresa Portuguesa Pública Limitada e subsidiária de PERMANENTE S.A., com endereço na Rua de Manuel Dias, 440, 4495-129 Amorim, Portugal ("ECOSTEEL"). OTIIMA USA e ECOSTEEL, em conjunto, denominadas neste Contrato como "Partes".

RECITALS / CONSIDERANDO QUE

WHEREAS, ECOSTEEL is the owner of the European Union Intellectual Property Office trademark for "OTIIMA MUCH MORE THAN A WINDOW" registered October 5, 2017 with serial number 016819203; /

ECOSTEEL é detentorada da marca "OTIIMA USA MUCH MORE THAN A WINDOW" perante a Secretaria de Propriedade Intelectual da União Europeia, registrada em 5 de Outubro de 2017 com número de série 016819203;

WHEREAS, ECOSTEEL manufactures custom, unassembled, pre-finished components of a metal and glass window/door product and delivers the same to OTIIMA USA, which then assembles and delivers the final, constructed custom metal and glass window/door products (the "Products") to the ultimate consumer;

ECOSTEEL fabrica sob encomenda, desmontados, componentes pre-finalizados de portas e janelas de metal e vidro, e entrega referidos produtos para OTIIMA USA, que, por sua vez, realiza a montagem e entrega final, sob medida das portas e janelas de metal e vidro ("Produtos") para o consumidor final;

WHEREAS, approximately five years ago, ECOSTEEL and OTIIMA USA entered into an agreement wherein OTIIMA USA would be and has been the sole distributor of the Product to the geographic regions of the United States of America and the region commonly known as the Lucayan Archipelago in the Caribbean Sea, primarily consisting of the Bahamas and the Turks and Caicos Islands (the "Caribbean");

Aproximadamente cinco anos atrás, ECOSTEEL e OTIIMA USA firmaram um contrato onde OTIIMA USA seria, e tem sido desde então, a única distruibidora do Produto nas regiões geográficas dos Estados Unidos da América e da região conhecida como Lucayan Archipelago no Mar do Caribe, principalmente considerada das Bahamas e das Ilhas Turco e Caicos ("Caribe");

WHEREAS, ECOSTEEL and OTIIMA USA desire to memorialize their agreement of five years regarding OTIIMA USA's role as sole distributor of the Product to the United States of America and the Caribbean.

ECOSTEEL e OTIIMA USA tem o interesse de oficializar os termos do contrato destes cinco anos no que se refere a OTIIMA USA ser a única distribuidora do Produto nos Estados Unidos da América e no Caribe.

NOW, THEREFORE, in consideration of the terms and conditions of this Agreement and for other valuable consideration, the receipt of which is hereby acknowledged, OTIIMA USA and ECOSTEEL agree as follows:

De acordo com os termos deste Contrato, e por outras consideraçoes valiosas entre OTIIMA USA e ECOSTEEL, tem entre si, justo e contratado, as seguintes cláusulas e condições:

## 1. Distribution

ECOSTEEL appoints OTIIMA USA as its sole and exclusive distributor for the Products for the region of the United States of America and the Lucayan Archipelago.  OTIIMA USA agrees to be the sole and exclusive distributor for the Products for the region of the United States of America and the Lucayan Archipelago (the "Region").  OTIIMA USA agrees not to sell or represent other manufacturer's products that ECOSTEEL soley determines to be competitive with the Product without prior, written approval from ECOSTEEL. ECOSTEEL agrees not to provide the Products to any other distributor than OTIIMA USA for distribution in the United States of America and the Lucayan Archipelago.  OTIIMA USA shall have the authority to solicit orders for the Products in the Region in accordance with the terms of this Agreement. OTIIMA USA shall have the authority to hold itself out to the public as the exclusive distributor for the Products within the Region. /

## 1. Da Distribuiçao

ECOSTEEL nomeia OTIIMA USA como sua única e exclusiva distribuidora dos Produtos na região dos Estados Unidos da América e Lucayan Archipelago. OTIIMA USA concorda em ser única e exclusiva distribuidora dos Produtos na região dos Estados Unidos da América e Lucayan Archipelago ("Região").

OTIIMA USA concorda em não vender ou representar outros fabricantes de produtos, indicados unicamente pela ECOSTEEL  como serem competidores do Produto, sem consentimento prévio ou escrito da ECOSTEEL.  ECOSTEEL concorda em não fornecer Produtos pra outro distribuidor além de OTIIMA USA nos Estados Unidos da América e em Lucayan Archipelago. OTIIMA USA  terá autoridade para solicitar pedidos dos Produtos na Região de acordo com os termos deste Contrato. OTIIMA USA terá a autoridade para se apresentar para o público como distribuidor exclusivo dos Produtos dentro da Região.

## 2.  Definitions

As used herein, the following terms shall have the meanings set forth below:

a.  "Products" shall mean all window and door products manufactured by ECOSTEEL now and in the future.

b. "Region" shall mean the following described geographic areas: The United States of America and the Lucayan Archipelago. /

2. Das Definições

Para os fins deste Contrato, os seguintes termos  terão os significados que seguem:

a. "Produtos" significa todos os produtos das janelas e portas fabricadas pela ECOSTEEL atualmente e no futuro.

b. "Região: significa as áreas geográficas descritas: Estados Unidos da América e Lucayan Archipelago.

3.  General Duties

OTIIMA USA shall use its best efforts to promote the Products and maximize the sale of the Products in the Region.  OTIIMA USA shall also provide reasonable assistance to ECOSTEEL in promotional activities of ECOSTEEL with respect to the Products. OTIIMA USA shall also provide reasonable "after sale" support to Product purchasers and generally perform such sales related activities as are reasonable to promote the Products and the goodwill of ECOSTEEL in the Region. OTIIMA USA shall also provide exclusive rights to install all Products sold by OTIIMA USA to any customer within the Region either through itself or one of its Subsidiary companies. OTIIMA USA shall also have the right to sub-contract or assign the right to install all ECOSTEEL Products to any individual or entity without providing notice to ECOSTEEL. OTIIMA USA will devote adequate time and effort, as well as provide good workmanship, in the performance of its obligations. OTIIMA USA shall neither advertise the Products outside the Region nor solicit sales from purchasers located outside the Region without the prior written consent of ECOSTEEL. OTIIMA USA's task is to solicit orders from all potential customers in the Region including individuals, businesses, government entities, resellers, dealers, retailers, and others. ECOSTEEL shall not require OTIIMA USA to sell any specific amount of Products as a condition of this Agreement. /

3. Obrigadações Gerais

OTIIMA USA usará de todos os seus melhores esforços para promover os Produtos e maximizar as vendas dos Produtos na Região. OTIIMA USA também fornecerá toda a assistencia razoável necessária para ECOSTEEL referente aos Produtos.  OTIIMA USA também fornecerá todo suporte razoável "pós venda" aos compradores dos Produtos,  e geralmente, providenciará as atividades razoáveis referentes as vendas para promover os Produtos e a boa clientela da ECOSTEEL na Região. OTIIMA USA também terá direitos exclusivos para instalar todos os Produtos vendidos pela OTIIMA USA a qualquer cliente dentro da Região, seja por meio dela mesma ou de uma de suas Subsidiárias. A OTIIMA USA também terá o direito de subcontratar ou ceder o direito de instalar todos os Produtos ECOSTEEL a qualquer indivíduo ou entidade sem aviso prévio à ECOSTEEL. A OTIIMA USA dedicará tempo e esforço adequados, bem como fornecerá boa mão de obra, no cumprimento de suas obrigações. A OTIIMA USA não anunciará os Produtos fora da Região nem solicitará vendas de compradores localizados fora da

Região sem o consentimento prévio por escrito da ECOSTEEL. A tarefa da OTIIMA USA é solicitar pedidos de todos os clientes em potencial na Região, incluindo indivíduos, empresas, entidades governamentais, revendedores, revendedores, varejistas e outros. A ECOSTEEL não exigirá que a OTIIMA USA venda qualquer quantidade específica de Produtos como condição deste Contrato.

4.  Conflict of Interest

ECOSTEEL shall not engage in any business that, in OTIIMA USA's sole judgment, competes with OTIIMA USA.  This includes selling, promoting, advertising, marketing, or soliciting sales of Products from any person or business within the Region. ECOSTEEL shall not, for the purposes of circumventing this agreement or any other reason, create a separate entity that engages in any business activity that competes directly or indirectly with OTIIMA USA.  This shall include creating a separate entity that sells Products or similar products under a different brand name.

ECOSTEEL warrants to OTIIMA USA that it does not currently represent or promote any lines, or products, including the Products in this agreement, to any other business, person, entity, or organization within the Region.

OTIIMA USA warrants to ECOSTEEL that it does not currently represent or promote any lines or products that compete with the Products. During the term of this Agreement, OTIIMA USA shall not represent, promote or otherwise try to sell within the Region any lines or products that, in ECOSTEEL's judgment, compete with the Products covered by this Agreement.

ECOSTEEL shall not allow any global partner to sell any of the Products within the Region without the written consent of OTIIMA USA.  If ECOSTEEL learns that a global partner is attempting to or already engaged in the selling of the Products within the Region without written consent of OTIIMA USA, then ECOSTEEL shall defend this Agreement by taking reasonable measures within ECOSTEEL's control to prevent or stop a global partner from selling within the Region. /

4. Conflito de Interesse

A ECOSTEEL não se envolverá em nenhum negócio que, a critério exclusivo da OTIIMA USA, concorra com a OTIIMA USA. Isso inclui a venda, promoção, publicidade, marketing ou solicitação de vendas de Produtos de qualquer pessoa ou empresa na Região. A ECOSTEEL não deverá, para fins de burlar este contrato ou qualquer outro motivo, criar uma entidade separada que exerça qualquer atividade comercial que concorra direta ou indiretamente com a OTIIMA USA. Isso deve incluir a criação de uma entidade separada que venda Produtos ou produtos similares sob uma marca diferente.

A ECOSTEEL garante à OTIIMA USA que atualmente não representa ou promove nenhuma linha ou produto, incluindo os Produtos neste contrato, para qualquer outra empresa, pessoa, entidade ou organização na Região.

A OTIIMA USA garante à ECOSTEEL que atualmente não representa ou promove quaisquer linhas ou produtos que concorram com os Produtos. Durante a vigência deste Contrato, a OTIIMA USA não deverá representar, promover ou tentar vender dentro da Região quaisquer linhas ou produtos que, no julgamento da ECOSTEEL, concorram com os Produtos abrangidos por este Contrato.

A ECOSTEEL não permitirá que nenhum parceiro global venda qualquer um dos Produtos dentro da Região sem o consentimento por escrito da OTIIMA USA. Se a ECOSTEEL souber que um parceiro global está tentando ou já está envolvido na venda dos Produtos na Região sem o consentimento por escrito da OTIIMA USA, a ECOSTEEL deve defender este Contrato tomando medidas razoáveis dentro do controle da ECOSTEEL para impedir ou impedir que um parceiro global venda na Região.

## 5. Pricing

All pricing shall be subject to market conditions. ECOSTEEL shall be prohibited from unreasonably raising prices of Products sold to OTIIMA USA. To determine the reasonability of the prices of Products, ECOSTEEL shall use comparable market data from similar products from other suppliers to determine the prices set for Products. The pricing of the Product provided by ECOSTEEL to OTIIMA USA shall stay consistent in pricing to where pricing currently is per sq m with reasonable market price increases due to supplier increase. /

## 5. Preços
Todos os preços estarão sujeitos às condições de mercado. A ECOSTEEL será proibida de aumentar os preços de forma não razoável dos Produtos vendidos à OTIIMA USA. Para determinar a razoabilidade dos preços dos Produtos, a ECOSTEEL deve usar dados de mercado comparáveis de produtos similares de outros fornecedores para determinar os preços estabelecidos para os Produtos. O preço do Produto fornecido pela ECOSTEEL à OTIIMA USA deve permanecer consistente no preço atual por m² com aumentos razoáveis de preço de mercado devido ao aumento do fornecedor.

## 6. Independent Contractor

OTIIMA USA is an independent contractor, and nothing contained in this Agreement shall be construed to (1) give either party the power to direct and control the day-to-day activities of the other; (2) constitute the parties as partners, joint venturers, co-owners or otherwise; or (3) allow OTIIMA USA to create or assume any obligation on behalf of ECOSTEEL for any purpose. OTIIMA USA is not an employee of ECOSTEEL and is not entitled to any employee benefits.

OTIIMA USA shall be responsible for paying all income taxes and other taxes charged to OTIIMA USA on amounts earned hereunder. All financial and other obligations associated with OTIIMA USA's business are the sole responsibility of OTIIMA USA./

6. Contratado Independente

A OTIIMA USA é uma contratada independente, e nada contido neste Contrato deve ser interpretado como (1) dar a qualquer uma das partes o poder de dirigir e controlar as atividades diárias da outra; (2) constituir as partes como sócios, joint ventures, co-proprietários ou de outra forma; ou (3) permitir que a OTIIMA USA crie ou assuma qualquer obrigação em nome da ECOSTEEL para qualquer finalidade. A OTIIMA USA não é funcionária da ECOSTEEL e não tem direito a nenhum benefício trabalhista. A OTIIMA USA será responsável pelo pagamento de todos os impostos de renda e outros impostos cobrados da OTIIMA USA sobre os valores auferidos neste instrumento. Todas as obrigações financeiras e outras associadas aos negócios da OTIIMA USA são de responsabilidade exclusiva da OTIIMA USA.

7. Indemnification

A. Indemnification by OTIIMA USA. OTIIMA USA shall indemnify and hold ECOSTEEL free and harmless from any and all claims, damages, or lawsuits (including attorney's fees) arising out of intentional or negligent acts or omissions by OTIIMA USA, its employees or agents.

B. Indemnification by ECOSTEEL. ECOSTEEL shall indemnify and hold OTIIMA USA free and harmless for any and all claims, damages, or lawsuits (including attorney's fees) arising out of defects in the Products caused by ECOSTEEL./

7. Indenização

A. Indenização pela OTIIMA USA. A OTIIMA USA indenizará e isentará a ECOSTEEL de todas e quaisquer reclamações, danos ou ações judiciais (incluindo honorários advocatícios) decorrentes de atos ou omissões intencionais ou negligentes da OTIIMA USA, seus funcionários ou agentes.

B. Indenização pela ECOSTEEL. A ECOSTEEL indenizará e isentará a OTIIMA USA de todas e quaisquer reclamações, danos ou ações judiciais (incluindo honorários advocatícios) decorrentes de defeitos nos Produtos causados pela ECOSTEEL.

8. Purchases and Sale of the Products

A. ECOSTEEL agrees to sell to OTIIMA USA and OTIIMA USA agrees to purchase from ECOSTEEL all of ECOSTEEL's window and door Products as needed for OTIIMA's business operations.

B. Inquiries from Outside the Region. OTIIMA USA shall promptly submit to ECOSTEEL, for ECOSTEEL's attention and handling, all inquiries received by OTIIMA USA from customers outside the Region. All inquiries shall be submitted to ECOSTEEL by email within five (5) business days./

8. Compras e Vendas dos Produtos

A. A ECOSTEEL concorda em vender para a OTIIMA USA e a OTIIMA USA concorda em comprar da ECOSTEEL todos os Produtos de janelas e portas da ECOSTEEL necessários para a realização dos negócios da OTIIMA USA.

B. Consultas de fora da região. A OTIIMA USA enviará prontamente à ECOSTEEL, para atenção e tratamento da ECOSTEEL, todas as consultas recebidas pela OTIIMA USA de clientes fora da Região. Todas as consultas deverão ser enviadas à ECOSTEEL por e-mail em até 5 (cinco) dias úteis.

9. Service

OTIIMA USA shall pay for all labor costs associated with performance of services by ECOSTEEL. ECOSTEEL shall supply the parts and shipping for free. /

9. Serviço

A OTIIMA USA pagará todos os custos trabalhistas relacionados à execução dos serviços pela ECOSTEEL. A ECOSTEEL fornecerá as peças e o frete gratuitamente.

10. Stock Parts

ECOSTEEL shall supply all stock parts for services at no charge to OTIIMA USA. OTIIMA USA will keep a detailed inventory of those parts. If OTIIMA USA pulls stock parts out of inventory for any purpose other than to fix factory defects or factory caused services, then OTIIMA USA shall pay ECOSTEEL for those parts. Both parties acknowledge that correct performance will require a very well-organized inventory system and trust.  OTIIMA USA is in possession of an inventory program that ECOSTEEL hereby agrees to utilize the said inventory systems for all matters relating to this Agreement. /

## 10. Peças em Estoque

A ECOSTEEL fornecerá todas as peças de estoque para os serviços sem custo para a OTIIMA USA. A OTIIMA USA manterá um inventário detalhado dessas peças. No caso da OTIIMA USA retirar peças do inventáriode estoque para qualquer finalidade que não seja corrigir defeitos de fábrica ou serviços causados pela fabricação, a OTIIMA USA pagará à ECOSTEEL por essas peças. Ambas as partes reconhecem que o desempenho correto exigirá um sistema de inventário muito bem organizado e de confiança. A OTIIMA USA possui um programa de inventário, o qual a ECOSTEEL concorda em utilizar para todos os assuntos relacionados a este Contrato.

## 11. Product Warranty

Any warranty for the Products shall run directly from OTIIMA USA to the purchaser of the Products. Pursuant to any such warranty, the purchaser shall contact OTIIMA USA directly to make arrangements for repair, return, or replacement of any allegedly defective Products. OTIIMA USA shall have sole authority to deal with customers regarding any such warrantable repairs, returns, or replacement. Upon receipt of any such warrantable products, OTIIMA USA shall separately contact ECOSTEEL to arrange for return or credit for these defective products. The decision for determination of defect and replacement or credit for these products shall be solely at ECOSTEEL's discretion./

## 11. Garantia do Produto

Qualquer garantia para os Produtos será oferecida diretamente pela OTIIMA USA para o comprador dos Produtos. De acordo com qualquer garantia, o comprador deverá entrar em contato diretamente com a OTIIMA USA para providenciar o reparo, devolução ou substituição de quaisquer Produtos supostamente defeituosos. A OTIIMA USA terá autoridade exclusiva para lidar com os clientes em relação a quaisquer reparos, devoluções ou substituições dentro da garantia. Após o recebimento de tais produtos com garantia, a OTIIMA USA entrará em contato separadamente com a ECOSTEEL para providenciar a devolução ou crédito para esses produtos defeituosos. A decisão para apuração de defeito e substituição ou crédito para estes produtos será exclusivamente de critério da ECOSTEEL.

## 12. Product Availability

ECOSTEEL shall use its best efforts in filling orders submitted by OTIIMA USA in a reasonable and timely fashion. ECOSTEEL shall immediately notify OTIIMA USA of any known or anticipated delays in filling new or previously entered orders and the estimated duration of any delays so that OTIIMA USA may fairly represent this information to existing or potential customers. Under no circumstances shall ECOSTEEL be responsible to OTIIMA USA or anyone else for its failure to fill accepted orders, or for its delay in filling accepted orders, when such failure or delay is due to strike, accident, labor trouble, acts of nature, freight

embargo, war, civil disturbance, vendor problems, or any cause beyond ECOSTEEL's reasonable control.

Under no circumstances shall OTIIMA USA be held responsible for any harm or loss of revenue for failure or delay in any obligation in this Agreement, when such failure or delay is due to strike, accident, labor trouble, acts of nature, freight embargo, war, civil disturbance, vendor problems, or any cause beyond OTIIMA USA's reasonable control. /

12. Disponibilidade do Produto

A ECOSTEEL envidará seus melhores esforços para atender aos pedidos apresentados pela OTIIMA USA de forma razoável e oportuna. A ECOSTEEL notificará imediatamente a OTIIMA USA sobre quaisquer atrasos de que tenha conhecimento ou previsão no preenchimento de pedidos novos ou inseridos anteriormente e a duração estimada de quaisquer atrasos para que a OTIIMA USA possa representar de forma justa essas informações para clientes existentes ou potenciais. Sob nenhuma circunstância, a ECOSTEEL será responsável perante a OTIIMA USA ou perante qualquer outra pessoa, por sua falha em atender pedidos aceitos, ou por seu atraso  em atender pedidos aceitos, quando tal falha ou atraso forem decorrentes   de greve, acidente, problema trabalhista, atos da natureza, embargo de frete, guerra, distúrbios civis, problemas com fornecedores ou qualquer causa que seja além do controle razoável da ECOSTEEL.

Sob nenhuma circunstância a OTIIMA USA será responsabilizada por qualquer dano ou perda de receita por falha ou atraso em qualquer obrigação deste Contrato, quando tal falha ou atraso for devido a greve, acidente, problema trabalhista, atos da natureza, embargo de frete, guerra, distúrbios civis, problemas com fornecedores ou qualquer causa além do controle razoável da OTIIMA USA.

13. Product Samples

It is not the policy of ECOSTEEL to provide or loan Product Samples to OTIIMA USA. However, in the exceptional case where a Product Sample is provided or loaned to OTIIMA USA, the following language shall apply: Any Product Samples of the Products provided by ECOSTEEL to OTIIMA USA shall remain the property of ECOSTEEL. OTIIMA USA shall have full responsibility of keeping each Product Sample in proper operating condition during the entire time the Product Sample is in the possession of OTIIMA USA. Upon written notice from ECOSTEEL, OTIIMA USA shall, within thirty (30) days, arrange for return of each Product Sample to ECOSTEEL in good condition less reasonable wear and tear.

Samples deemed to be "full sized samples" shall be sold to OTIIMA USA for 50% of the wholesale price. /

13. Amostras de Produtos

Não é política da ECOSTEEL fornecer ou emprestar Amostras de Produtos à OTIIMA USA. No entanto, no caso excepcional em que uma Amostra de Produto for fornecida ou emprestada à OTIIMA USA, a seguinte mensagem será aplicada: Quaisquer Amostras de Produto dos Produtos fornecidos pela ECOSTEEL à OTIIMA USA permanecerão de propriedade da ECOSTEEL. A OTIIMA USA terá total responsabilidade de manter cada Amostra do Produto em condições adequadas de operação durante todo o tempo em que a Amostra do Produto estiver em poder da OTIIMA USA. Mediante notificação por escrito da ECOSTEEL, a OTIIMA USA deverá, dentro de 30(trinta) dias, providenciar a devolução de cada Amostra de Produto à ECOSTEEL em boas condições, considerando o desgaste razoável.

As amostras consideradas "amostras de tamanho total" serão vendidas à OTIIMA USA por 50% do preço de atacado.

14. Promotion of the Products

OTIIMA USA shall, at its own expense, vigorously promote the sale of and stimulate demand for the Products within the Region by direct solicitation. In no event shall OTIIMA USA make any representation, guarantee, or warranty concerning the Products except as expressly authorized by ECOSTEEL./

14. Promoção dos Produtos

A OTIIMA USA deverá, às suas próprias custas, promover vigorosamente a venda e estimular a demanda dos Produtos na Região por solicitação direta. Em nenhum caso a OTIIMA USA fará qualquer representação, seguro ou garantia relativa aos Produtos, exceto conforme expressamente autorizado pela ECOSTEEL.

15. Showrooms

OTIIMA USA will build out showrooms in key markets and OTIIMA USA shall pay for the entire cost of the build out. ECOSTEEL agrees to supply the Products for the showrooms for 50% off the current price. ECOSTEEL may supply the Products for the showrooms for free if it elects to do so. /

15. Showrooms

A OTIIMA USA construirá showrooms nos principais mercados e pagará pelo custo total da construção. A ECOSTEEL concorda em fornecer os Produtos para os showrooms com 50% de desconto no preço atual. A ECOSTEEL pode fornecer os Produtos para os showrooms gratuitamente se assim o desejar.

16. Customer Service

OTIIMA USA shall diligently assist customer's personnel in using the Products and shall perform such additional customer services as good salesmanship requires and as ECOSTEEL may reasonably request./

16. Atendimento ao Cliente

A OTIIMA USA deverá diligentemente auxiliar o pessoal do cliente no uso dos Produtos e deverá realizar tais serviços adicionais ao cliente, conforme a boa habilidade de vendas exigir, e conforme a ECOSTEEL possa razoavelmente solicitar.

17. Architects Personal Home

In the event that any Product is sold to a licensed architect for their personal home, it shall be considered that such a sale be construed as a promotional sale for the purposes of bolstering sales and the goodwill of both parties, and therefore, OTIIMA USA shall offer a 15% percent discount to the customer. ECOSTEEL then shall reduce the wholesale price to OTIIMA USA by the exact nominal amount of the 15% discount that OTIIMA USA is giving to the customer.

17. Casa Pessoal dos Arquitetos

No caso de qualquer Produto ser vendido a um arquiteto licenciado para sua residência pessoal, tal venda será interpretada como uma venda promocional para fins de reforço de vendas e boa vontade de ambas as partes e, portanto, a OTIIMA USA deverá oferecer um desconto de 15% por cento ao cliente. A ECOSTEEL então reduzirá o preço de atacado para a OTIIMA USA pelo valor nominal exato do desconto de 15% que a OTIIMA USA está dando ao cliente.

18. Advising of Changes

OTIIMA USA shall promptly advise ECOSTEEL of any changes in OTIIMA USA's status, organization, personnel, and similar matters; any changes in the key personnel, organization, and status of any major customers of ECOSTEEL in the Region; and any political, financial, legislative, industrial, or other events in the Region that could affect the mutual business interests of OTIIMA USA and ECOSTEEL, whether harmful or beneficial.

ECOSTEEL shall promptly advise OTIIMA USA of any changes in ECOSTEEL's status, organization, personnel, and similar matter; any changes in the key personnel, organization, and status of any other major changes of Products of ECOSTEEL, and any political, financial, legislative, industrial, or other events that could affect the mutual business interests of ECOSTEEL and OTIIMA USA. /

18. Aviso de Mudanças

A OTIIMA USA deverá avisar imediatamente ECOSTEEL sobre quaisquer mudanças em seu status, organização, pessoal e assuntos semelhantes; quaisquer mudanças nas equipes principais, organização e status de quaisquer grandes clientes da ECOSTEEL na Região; e quaisquer eventos políticos, financeiros, legislativos, industriais ou outros na Região que possam afetar os interesses comerciais mútuos da OTIIMA USA e da ECOSTEEL, sejam prejudiciais ou benéficos.

A ECOSTEEL deverá avisar imediatamente OTIIMA USA sobre quaisquer mudanças em seu status, organização, pessoal e assuntos semelhantes da ECOSTEEL; quaisquer mudanças nas equipes principais, organização e status de quaisquer outras mudanças importantes dos Produtos da ECOSTEEL, e quaisquer eventos políticos, financeiros, legislativos, industriais ou outros que possam afetar os interesses comerciais mútuos da ECOSTEEL e da OTIIMA USA.

19. Additional Obligations of ECOSTEEL

A. Assistance in Promotion. ECOSTEEL shall provide OTIIMA USA with marketing and technical information concerning the Products, including samples of brochures, instructional materials, advertising literature, and other Product data in the English language. ECOSTEEL shall be responsible for translating these materials to other languages, ECOSTEEL shall charge a reasonable amount to OTIIMA USA for the cost of translating and printing.

B. ECOSTEEL and OTIIMA USA both agree to pay, in equal shares, the cost of advertising of all Products that OTIIMA USA distributes according to this Agreement. In such advertising that shall be paid for by ECOSTEEL and OTIIMA USA shall be mutually agreed upon by ECOSTEEL and OTIIMA USA. This means that the advertising that ECOSTEEL and OTIIMA USA both agree on, shall be paid in equal shares.

C. Assistance in Technical Problems. ECOSTEEL shall assist OTIIMA USA and customers of the Products in all ways deemed reasonable by ECOSTEEL in the solution of any technical problems relating to the functioning and use of the Products.

D. New Developments. ECOSTEEL shall inform OTIIMA USA of any new product developments that are competitive with the Products and other market information and competitive information as discovered from time to time.

E. Hurricane Testing. ECOSTEEL shall pay for all the sample test specimens including glass. OTIIMA USA shall pay the cost of labor for installation and shipping regarding hurricane testing. ECOSTEEL AND OTIIMA USA shall pay in equal shares the cost of the testing lab. /

19. Obrigações Adicionais da ECOSTEEL

A. Assistência na Promoção. A ECOSTEEL fornecerá à OTIIMA USA informações técnicas e de marketing relativas aos Produtos, incluindo amostras de folhetos, materiais de instrução, literatura publicitária e outros dados do Produto no idioma inglês. A ECOSTEEL será responsável

pela tradução desses materiais para outros idiomas, a ECOSTEEL cobrará uma quantia razoável da OTIIMA USA pelo custo de tradução e impressão.

B. A ECOSTEEL e a OTIIMA USA concordam em pagar, em partes iguais, o custo de publicidade de todos os Produtos que a OTIIMA USA distribui de acordo com este Contrato. Referida publicidade será paga por ECOSTEEL e OTIIMA USA, e, mutuamente acordada por ECOSTEEL e OTIIMA USA. Isso significa que a publicidade que ECOSTEEL e OTIIMA USA acordarem, será paga em partes iguais.

C. Assistência em Problemas Técnicos. A ECOSTEEL auxiliará, de todas as formas consideradas razoáveis, a OTIIMA USA e os clientes dos Produtos na solução de quaisquer problemas técnicos relacionados ao funcionamento e uso dos Produtos.

D. Novos Desenvolvimentos. A ECOSTEEL informará, de tempos em tempos, a OTIIMA USA sobre quaisquer desenvolvimentos de novos produtos que sejam competitivos com os Produtos e outras informações de mercado e informações competitivas conforme descobertos.

E. Teste de furacão. A ECOSTEEL pagará por todas as amostras de teste, incluindo vidro. A OTIIMA USA pagará o custo de mão de obra para instalação e envio referente ao teste de furacão. A ECOSTEEL e OTIIMA USA pagarão em partes iguais o custo do laboratório dos testes.

20. Trademarks and Trade names

A. Use. During the term of this Agreement, OTIIMA USA shall have the right to indicate to the public that it is an authorized distributor of ECOSTEEL's Products and to advertise within the Region such Products under the trademarks, service marks, and trade names that ECOSTEEL may adopt from time to time ("ECOSTEEL's Trademarks"). Nothing herein shall grant OTIIMA USA any right, title, or interest in ECOSTEEL's Trademarks. At no time during the term of this Agreement or at any time thereafter shall OTIIMA USA challenge or assist others in challenging ECOSTEEL's Trademarks or the registration thereof or attempt to register any trademarks, service marks, or trade name confusingly similar to those of ECOSTEEL. ECOSTEEL indemnifies OTIIMA USA for all use of ECOSTEEL's Trademarks./

20. Marcas e nomes comerciais
A. Uso. Durante a vigência deste Contrato, a OTIIMA USA terá o direito de indicar ao público que é uma distribuidora autorizada dos Produtos da ECOSTEEL e anunciar na Região tais Produtos sob as marcas registradas, marcas de serviço e nomes comerciais que a ECOSTEEL venha adotar de de tempos em tempos ("Marcas Registradas da ECOSTEEL"). Nada neste Contrato concederá à OTIIMA USA qualquer direito, título ou interesse nas Marcas Registradas da ECOSTEEL. Em nenhum momento durante a vigência deste Contrato ou em qualquer momento posterior, a OTIIMA USA contestará ou auxiliará outros a contestar as Marcas Registradas da ECOSTEEL ou seu registro ou tentará registrar quaisquer marcas comerciais,

marcas de serviço ou nomes comerciais semelhantes aos da ECOSTEEL. A ECOSTEEL compensa a OTIIMA USA por todo uso das Marcas Registradas da ECOSTEEL.

21. Term

ECOSTEEL and OTIIMA USA agree that there shall be no expiration to the Agreement and that the Agreement shall continue in perpetuity.  The Agreement shall only be terminated for the reasons stated in Section 23. /

21. Prazo

A ECOSTEEL e a OTIIMA USA concordam que não haverá expiração do Contrato e que o Contrato continuará em perpetuidade. O Contrato só será rescindido pelos motivos indicados na Seção 23.

22. Notices; Communication

All notices and demands shall be given in writing by certified mail, postage prepaid, and return receipt requested, or by personal delivery. Notices shall be considered given upon the earlier of (a) personal delivery or (b) five (5) business days following deposit via U.S.P.S. Notices shall be addressed as provided below for the respective party; provided that if any party gives notice in writing of a change of name or address, respective notices shall thereafter be given as demanded in that notice:

**ECOSTEEL:**

Jose Maria Marques Ferreira

ECOSTEEL S.A.

Rue De Manuel Dias, 440

4495-129 Amorim

Portugal

**OTIIMA USA:**

Taylor Titoni; Stacy Titoni

OTIIMA USA

1113 N. McKinley Blvd.

Los Angeles, CA 90248

The parties agree to communicate regularly and to respond in a timely manner, not to exceed 30 days, regarding the status of the Exclusivity Agreement./

22. Avisos; Comunicação

Todos os avisos e solicitações devem ser feitos por escrito por carta registrada, postagem pré-paga e aviso de recebimento, ou por entrega pessoal. Os avisos serão considerados entregues mediante (a) entrega pessoal ou (b) 5 (cinco) dias úteis após o depósito via U.S.P.S. As notificações devem ser endereçadas conforme previsto abaixo para a respectiva parte; desde que, se qualquer parte notificar por escrito uma mudança de nome ou endereço, os respectivos avisos serão dados posteriormente conforme exigido nesse aviso:

**ECOSTEEL:**
José Maria Marques Ferreira
ECOSTEEL S.A.
Rua De Manuel Dias, 440
4495-129 Amorim
Portugal

**OTIIMA USA:**
Taylor Titoni; Stacy Titoni
OTIIMA USA
1113 N. McKinley Blvd.
Los Angeles, CA 90248

As partes concordam em se comunicar regularmente e responder em tempo hábil,
não superior a 30 (trinta) dias, sobre o status do Contrato de Exclusividade.

23. Termination

A. Termination for Insolvency. Either party shall have the option to terminate this Agreement without notice, (1) upon the institution of actions against the other party for insolvency, receivership or bankruptcy, or any other proceedings for the settlement of other party's debts, (2) upon other party's making an assignment for the benefit of creditors, or (3) upon initiation of dissolution proceedings against the other party.

B. Termination by Mutual Agreement. The Agreement can be terminated if ECOSTEEL and OTIIMA USA mutually agree to terminate Agreement. /

23. Rescisão

A. Rescisão por Insolvência. Qualquer uma das partes terá a opção de rescindir este Contrato sem aviso prévio (1) mediante a instituição de ações contra a outra parte por insolvência, concordata ou falência, ou qualquer outro processo para a liquidação de dívidas da outra parte, (2) mediante uma cessão em benefício dos credores, ou (3) no início do processo de dissolução contra a outra parte.

B. Rescisão por Acordo Mútuo. O Contrato pode ser rescindido se a ECOSTEEL e a OTIIMA USA concordarem mutuamente em rescindir o Contrato.

24. Successors and Assigns

The provisions of this Agreement are expressly binding upon, and shall inure to the benefit of the parties hereto and their successors in interest and assigns./

24. Sucessores e Cessionários
As disposições deste Contrato são expressamente vinculativas e reverterão em benefício das partes e seus sucessores em interesse e cessionários.

25. Limitation on Liability

In the event of termination by either party in accordance with any provisions of this agreement, neither party shall be liable to the other, because of termination, for compensation, reimbursement or damages on account of the loss of prospective profits or anticipated sales or on account of expenditures, investment, leases or commitments in connection with the business or goodwill of ECOSTEEL or OTIIMA USA. ECOSTEEL's sole liability under the terms of this Agreement shall be for any unpaid commissions if applicable./

25. Limitação de Responsabilidade

No caso de rescisão por qualquer uma das partes de acordo com quaisquer disposições deste Contrato, nenhuma das partes será responsável perante a outra, por causa da rescisão, por compensação, reembolso ou danos por perda de lucros potenciais ou vendas antecipadas ou por conta de despesas, investimentos, arrendamentos ou compromissos relacionados ao negócio ou fundo de comércio da ECOSTEEL ou OTIIMA USA. A única responsabilidade da ECOSTEEL, nos termos deste Contrato, será por quaisquer comissões não pagas, se aplicável.

26. Export Law

OTIIMA USA acknowledges and agrees that the Products may be subject to export restrictions and controls. OTIIMA USA agrees and certifies that neither the Products nor any component

thereof is being or will be acquired, shipped, transferred, exported or re-exported, directly or indirectly, into any country prohibited by export restrictions and controls. OTIIMA USA bears all responsibility for export law compliance. Without limiting the generality of the foregoing obligation, OTIIMA USA hereby expressly agrees that, without the prior written authorization of ECOSTEEL and the United States Government, OTIIMA USA will not, and will cause its representatives to agree not to, export, re-export, divert or transfer any Product to any destination, ECOSTEEL or person prohibited by the Export Administration Regulations or other export control laws and regulations. OTIIMA USA shall make its records available to ECOSTEEL at ECOSTEEL's request, in order to permit ECOSTEEL to confirm OTIIMA USA's compliance with its obligations as set forth in this Section 19. OTIIMA USA will indemnify ECOSTEEL against all claims based on OTIIMA USA's exporting the product./

## 26. Lei de Exportação

A OTIIMA USA reconhece e concorda que os Produtos podem estar sujeitos a restrições e controles de exportação. A OTIIMA USA concorda e certifica que nem os Produtos nem qualquer componente dos mesmos estão sendo ou serão adquiridos, enviados, transferidos, exportados ou reexportados, direta ou indiretamente, para qualquer país proibido por restrições e controles de exportação. A OTIIMA USA assume toda a responsabilidade pelo cumprimento das leis de exportação. Sem limitar a generalidade da obrigação anterior, a OTIIMA USA concorda expressamente que, sem a autorização prévia por escrito da ECOSTEEL e do Governo dos Estados Unidos, a OTIIMA USA não irá, e fará com que seus representantes concordem em não exportar, reexportar, desviar ou transferir qualquer Produto para qualquer destino, ECOSTEEL ou pessoa proibida pelos Regulamentos de Administração de Exportação ou outras leis e regulamentos de controle de exportação. A OTIIMA USA disponibilizará seus registros à ECOSTEEL mediante solicitação, a fim de permitir que a ECOSTEEL confirme o cumprimento das  obrigações da OTIIMA USA, como conforme estabelecido nesta Seção 19. A OTIIMA USA indenizará a ECOSTEEL contra todas as reivindicações baseadas na exportação do produto pela OTIIMA USA.

## 27. Confidentiality

OTIIMA USA acknowledges that by reason of its relationship to ECOSTEEL hereunder it will have access to certain information and materials concerning ECOSTEEL's business plans, customers, technology, and products that is confidential and of substantial value to ECOSTEEL, which value would be impaired if such information were disclosed to third parties. OTIIMA USA agrees that it shall not disclose to any third party, any such confidential information revealed to it by ECOSTEEL. Without other notice, OTIIMA USA shall treat all information as confidential in nature. Upon specific request, ECOSTEEL shall advise OTIIMA USA whether or not it considers any particular information or materials to be confidential. OTIIMA USA shall not publish any technical description of the Products beyond the description published by ECOSTEEL. In the event of termination of this Agreement, there shall

be no use or disclosure by OTIIMA USA of any confidential information of ECOSTEEL, and OTIIMA USA shall not manufacture or have manufactured any devices, components or assemblies utilizing ECOSTEEL's patents, inventions, copyrights, know-how or trade secrets./

## 27. Confidencialidade

A OTIIMA USA reconhece que, em razão de seu relacionamento com a ECOSTEEL, terá acesso a certas informações e materiais relativos aos planos de negócios, clientes, tecnologia e produtos da ECOSTEEL que são confidenciais e de valor substancial para a ECOSTEEL, cujo valor seria prejudicado se tais informações fossem divulgadas a terceiros. A OTIIMA USA concorda que não divulgará a terceiros quaisquer informações confidenciais reveladas a ela pela ECOSTEEL. Sem outro aviso, a OTIIMA USA tratará todas as informações como confidenciais por natureza. Mediante solicitação específica, a ECOSTEEL informará à OTIIMA USA se considera ou não qualquer informação ou material específico como confidencial. A OTIIMA USA não publicará nenhuma descrição técnica dos Produtos além da descrição publicada pela ECOSTEEL. No caso de rescisão deste Contrato, não haverá uso ou divulgação pela OTIIMA USA de qualquer informação confidencial da ECOSTEEL, e a OTIIMA USA não fabricará ou terá fabricado quaisquer dispositivos, componentes ou conjuntos utilizando as patentes, invenções, direitos autorais, know-how ou segredos comerciais da ECOSTEEL.

## 28. Amendments

Any amendments to this Agreement shall be effective only when executed (i.e. signed) in writing by ECOSTEEL and OTIIMA USA. /

## 28.Alterações

Quaisquer alterações a este Contrato serão efetivas somente quando executadas (ou seja, assinadas) por escrito pela ECOSTEEL e OTIIMA USA.

## 29. Assignment

Neither party shall have the right to assign its interest in this Agreement to any other party, unless the prior written consent of the other party is obtained. However, ECOSTEEL shall assign its rights and duties hereunder in connection with a merger, consolidation, spin-off, corporate reorganization, acquisition, or sale of all or substantially all the assets of the party without obtaining prior written consent. This Agreement shall be binding upon and inure to any successors or assigns of the parties./

29. Cessão

Nenhuma das partes terá o direito de ceder sua participação neste Contrato a qualquer outra parte, a menos que seja obtido o consentimento prévio por escrito da outra parte. No entanto, a ECOSTEEL deverá ceder seus direitos e deveres em conexão com uma fusão, consolidação, cisão, reorganização societária, aquisição ou venda de todos ou substancialmente todos os ativos da parte sem obter consentimento prévio por escrito. Este Contrato será vinculativo e vigorará para quaisquer sucessores ou cessionários das partes.

30. Attorney's Fees

Should any action in law or equity be brought by either party to enforce the provisions of this Agreement, the prevailing party, whether by settlement, adjudication or arbitration, shall have the right to collect reasonable attorney's fees, expenses and costs from the nonprevailing party./

30. Honorários advocatícios

Caso qualquer ação judicial ou patrimonial seja movida por qualquer uma das partes para fazer cumprir as disposições deste Contrato, a parte vencedora, seja por acordo, adjudicação ou arbitragem, terá o direito de cobrar honorários advocatícios, despesas e custos razoáveis da parte não vencedora.

31. Governing Law and Jurisdiction

This Agreement shall be governed by and construed according to the laws of the State of California. Exclusive jurisdiction shall be in Los Angeles County, State of California, if in state court, or the Western Division of the Central District of California, if in federal court. If the parties agree to alternate dispute resolution (ADR), such ADR will be held in Los Angeles, CA or the nearby metropolitan communities, and be governed by the rules and procedures of the American Arbitration Association by a single arbitrator to be selected by two separate arbitrators who shall be independently selected by ECOSTEEL and OTIIMA USA respectively./

31. Lei Aplicável e Jurisdição

Este Contrato será regido e interpretado de acordo com as leis do Estado da Califórnia. A jurisdição exclusiva será no Condado de Los Angeles, Estado da Califórnia, se for em tribunal estadual, ou na Divisão Oeste do Distrito Central da Califórnia, se for em tribunal federal. Se as partes concordarem com a resolução alternativa de disputas (ADR), tal ADR será realizada em Los Angeles, CA ou nas comunidades metropolitanas próximas, e será regida pelas regras e procedimentos da American Arbitration Association por um único árbitro a ser selecionado por dois árbitros separados que devem ser independentes selecionados pela ECOSTEEL e OTIIMA USA, respectivamente.

32. Non-Waiver

The failure of either party to enforce any provision of this Agreement shall not be construed as a waiver or limitation of that party's right to subsequently enforce and compel strict compliance with every provision of this Agreement./

32. Não Renúncia

A falha de qualquer uma das partes em fazer cumprir qualquer disposição deste Contrato não deve ser interpretada como uma renúncia ou limitação do direito dessa parte de impor e obrigar o cumprimento estrito de todas as disposições deste Contrato.

33. Severability

If any provision of this Agreement shall be held to be invalid or unenforceable for any reason, the remaining provisions shall continue to be valid and enforceable. If any court or body of competent jurisdiction finds that any provision of this Agreement is invalid or unenforceable, but that by limiting such provision it would become valid or enforceable, then such provision shall be deemed to be written, construed and enforced as so limited. However, the invalidity or limitation of any such provision shall not affect the validity of the remaining provisions./

33. Separabilidade

Se qualquer disposição deste Contrato for considerada inválida ou inexequível por qualquer motivo, as demais disposições continuarão válidas e exequíveis. Se qualquer tribunal ou órgão de jurisdição competente considerar que qualquer disposição deste Contrato é inválida ou inexequível, mas que, ao limitar tal disposição, ela se tornaria válida ou exequível, tal disposição será considerada escrita, interpretada e aplicada como limitada. No entanto, a invalidade ou limitação de qualquer disposição não afetará a validade das demais disposições.

34. Counterparts

This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same installment./

34. Vias do Contrato
Este Contrato poderá ser executado simultaneamente em uma ou mais vias, cada uma das quais será considerada original, mas todas juntas constituirão uma e a mesma parcela.

35. Shipping and Terms

Shipping and delivery timing - ECOSTEEL shall determine a "ship by" date separately for each order received from OTIIMA USA. ECOSTEEL shall work to the best of their ability to meet the "ship by" date. If there is a delay in producing the product on time, ECOSTEEL will notify OTIIMA USA in writing of such delay.

OTIIMA USA is solely responsible for all shipping and handling costs including, but not limited to, export/import fees and duties; customs processing, transfers, and clearance; taxes (value added, VAT, sales, etc.) and license fees or costs; and any other costs required to deliver product to OTIIMA USA.

In the event that OTIIMA USA receives an order for Products from ECOSTEEL and the order has missing parts, damaged parts, or incorrect parts, then ECOSTEEL shall be responsible for correcting the order by promptly shipping all parts required to make the order complete. ECOSTEEL shall be responsible for all shipping costs related to correcting such an order. ECOSTEEL shall cure any defect relating to missing parts, damaged parts, or incorrect parts in a timely manor. OTIIMA USA shall provide written notice to ECOSTEEL promptly in the event of such defect.

In the event that a customer project is more than four weeks late, ECOSTEEL and OTIIMA USA shall determine the fastest method of shipping between ECOSTEEL and OTIIMA USA. The responsibility for the additional cost of any expedited shipping, and any cost relating to such expedited shipping shall be determined by both parties at that time. If no such agreement can be reached regarding responsibility for the additional costs of and relating to expedited shipping, then such costs shall be divided equally between both parties.

OTIIMA USA shall pay 50% of the total price of the invoice at the time of the order. OTIIMA USA shall pay the remaining 50% either at time of delivery to the job location or when customer pays OTIIMA USA the entire balance of the project, whichever comes first.

ECOSTEEL and OTIIMA USA both acknowledge that special terms for large jobs (over $1,000,000.00) may be negotiated on a case by case basis.  Any agreement on providing special terms for large jobs must be in writing. /


35. Envio e Termos

Prazo de envio e entrega - A ECOSTEEL determinará uma data de "envio até" separadamente para cada pedido recebido da OTIIMA USA. A ECOSTEEL será responsável por enviar o pedido antes do prazo máximo da data de "envio até" para cada pedido recebido. Caso ocorra um atraso na fabricação do produto no prazo estimado, ECOSTEEL informará OTIIMA USA por escrito sobre tal atraso.

A OTIIMA USA é única responsável por todos os custos de envio e manuseio, incluindo, entre outros, taxas e impostos de exportação/importação; processamento alfandegário, transferências e

desembaraço; impostos (valor agregado, IVA, vendas, etc.) e taxas ou custos de licença; e quaisquer outros custos necessários para entregar o produto à OTIIMA USA.

No caso da OTIIMA USA receber um pedido de Produtos da ECOSTEEL e o pedido tenha peças faltantes, peças danificadas ou peças incorretas, a ECOSTEEL será responsável por corrigir o pedido enviando imediatamente todas as peças necessárias para completar tal pedido. A ECOSTEEL será responsável por todos os custos de envio relacionados à correção de tal pedido. A ECOSTEEL deve curar qualquer defeito relacionado a peças faltantes, peças danificadas ou peças incorretas em tempo hábil. A OTIIMA USA fornecerá notificação por escrito à ECOSTEEL prontamente no caso de tal defeito.

Em caso de um projeto do cliente estar atrasado mais de quatro semanas, a ECOSTEEL e a OTIIMA USA determinarão o método mais rápido de envio entre a ECOSTEEL e a OTIIMA USA. A responsabilidade pelo custo adicional de qualquer remessa acelerada e qualquer custo relacionado a tal remessa acelerada será determinada por ambas as partes naquele momento. Se não for possível chegar a um acordo sobre a responsabilidade pelos custos adicionais e relacionados ao envio acelerado, esses custos serão divididos igualmente entre ambas as partes.

A OTIIMA USA pagará 50% do preço total da fatura no momento do pedido. A OTIIMA USA pagará os 50% restantes, dentro do que ocorrer primeiro, seja no momento da entrega no local do trabalho ou quando o cliente pagar à OTIIMA USA o saldo total do projeto.

A ECOSTEEL e a OTIIMA USA reconhecem que condições especiais para grandes trabalhos (acima de US$1.000.000,00) podem ser negociadas caso a caso. Qualquer acordo sobre o fornecimento de condições especiais para grandes trabalhos deve ser feito por escrito.

36. Factory Defects

In the event that there is a defect in the Products, ECOSTEEL shall provide at no cost, the service part to remedy the defect. OTIIMA USA shall be responsible for the cost of installation of the service part. /

36. Defeitos de Fábrica

No caso de defeito nos Produtos, a ECOSTEEL fornecerá, sem custo, a peça de serviço para corrigir o defeito. A OTIIMA USA será responsável pelo custo de instalação da peça de serviço.

## 37. Entire Agreement

This Agreement, together with any attached schedules or addendums, constitute the entire agreement between ECOSTEEL and OTIIMA USA and supersedes all prior agreements or understandings with respect to the subject matters contained herein. This Agreement shall not be amended, altered or changed except by a written agreement signed by both parties./

## 37. Integralidade do Contrato

Este Contrato, juntamente com quaisquer anexos ou adendos, constituem o contrato integral entre a ECOSTEEL e a OTIIMA USA e substitui todos os acordos ou entendimentos anteriores com relação aos assuntos aqui tratados. Este Contrato não deve ser emendado, alterado ou modificado, exceto por um contrato escrito assinado por ambas as partes.

The below signed parties hereby acknowledge that they have read and understand the entire Agreement, that they have authority to enter this Agreement on behalf of their respective organizations, and that they have freely and voluntarily executed this Agreement as of the day and year first written above./

As partes abaixo assinadas reconhecem que leram e entenderam todo o Contrato, que têm autoridade para celebrar este Contrato em nome de suas respectivas organizações e que assinaram livre e voluntariamente este Contrato a partir do dia e ano escrito acima.

for/por ECOSTEEL:

_____

Jose Maria Ferreira

for/por OTIIMA USA:

_____

Taylor Titoni

# EXHIBIT C



**For assistance with TSDR**, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

| STATUS | DOCUMENTS | | | | Back to Search | 🖨 Print |
|--------|-----------|--|--|--|----------------|---------|

| | |
|--|--|
| **Generated on:** | This page was generated by TSDR on 2025-07-09 16:57:49 EDT |
| **Mark:** | OTIIMA USA |

## OTIIMA USA

| | | | |
|--|--|--|--|
| **US Serial Number:** | 99093105 | **Application Filing Date:** | Mar. 20, 2025 |
| **Filed as Base Application:** | Yes | **Currently Base Application:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

| | |
|--|--|
| **TM5 Common Status Descriptor:** | LIVE/APPLICATION/Awaiting Examination |
| | The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner. |
| **Status:** | New application awaiting assignment to an examining attorney. **See current trademark processing wait times** for more information. |
| **Status Date:** | Mar. 20, 2025 |

## ▼ Mark Information

▲ Collapse All

| | |
|--|--|
| **Mark Literal Elements:** | OTIIMA USA |
| **Standard Character Claim:** | Yes. The mark consists of standard characters without claim to any particular font style, size, or color. |
| **Mark Drawing Type:** | 4 - STANDARD CHARACTER MARK |

## ▼ Goods and Services

**Note:**
The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | |
|--|--|
| **For:** | Custom built window installation services; Custom built windows installations; windowsrepair |
| **International Class(es):** | 037 - Primary Class | **U.S Class(es):** | 100, 103, 106 |
| **Class Status:** | ACTIVE |

| | |
|--|--|
| **For:** | Distribution services, namely, delivery of custom-built windows and window accessories |
| **International Class(es):** | 039 - Primary Class | **U.S Class(es):** | 100, 105 |
| **Class Status:** | ACTIVE |

| | |
|--|--|
| **For:** | Custom fabrication of windows; Prototype fabrication of windows for individual and businesses; Custom manufacturing of windows; Manufacturing of windows and window accessories, namely, custom curtain wall and sliding door tracks |
| **International Class(es):** | 040 - Primary Class | **U.S Class(es):** | 100, 103, 106 |
| **Class Status:** | ACTIVE |

## ▼ Basis Information (Case Level)

| | | | |
|--|--|--|--|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No |



| | | |
|---|---|---|
| **Filed 66A:** No | **Currently 66A:** | No |
| **Filed No Basis:** No | **Currently No Basis:** | No |

### ▼ Current Owner(s) Information

| | |
|---|---|
| **Owner Name:** | Otiima USA |
| **Owner Address:** | 1113 N. McKinley Ave<br>Los Angeles, CALIFORNIA UNITED STATES 90059 |
| **Legal Entity Type:** CORPORATION | **State or Country Where Organized:** CALIFORNIA |

### ▼ Attorney/Correspondence Information

**Attorney of Record**

| | | |
|---|---|---|
| **Attorney Name:** | Maria Johnson | |
| **Attorney Primary Email Address:** | **maria@denovopc.com** | **Attorney Email Authorized:** Yes |

**Correspondent**

| | | |
|---|---|---|
| **Correspondent Name/Address:** | Maria Johnson<br>De Novo Legal, PC<br>1903 Wright Place, Suite 360<br>Carlsbad, CALIFORNIA United States 92008 | |
| **Phone:** | 1-(760) 431-8707 | |
| **Correspondent e-mail:** | **maria@denovopc.com megan@denovopc.com** | **Correspondent e-mail Authorized:** Yes |

**Domestic Representative - Not Found**

### ▼ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 20, 2025 | APPLICATION FILING RECEIPT MAILED | |
| Mar. 20, 2025 | NEW APPLICATION ENTERED | |

### ▼ TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | |
|---|---|
| **Current Location:** Not Found | **Date in Location:** Not Found |

### ▼ Assignment Abstract Of Title Information - Click to Load

### ▼ Proceedings - Click to Load

Feedback



For assistance with TSDR, email **teas@uspto.gov** and include your serial number, the document you are looking for, and a screenshot of any error messages you have received.

**STATUS**  **DOCUMENTS**                                                **Back to Search**        Print

| | |
|---|---|
| **Generated on:** | This page was generated by TSDR on 2025-07-09 16:57:27 EDT |
| **Mark:** | OTIIMA |

OTIIMA

| | | | |
|---|---|---|---|
| **US Serial Number:** | 99095291 | **Application Filing Date:** | Mar. 20, 2025 |
| **Filed as Base Application:** | Yes | **Currently Base Application:** | Yes |
| **Register:** | Principal | | |
| **Mark Type:** | Service Mark | | |

**TM5 Common Status Descriptor:**

LIVE/APPLICATION/Awaiting Examination

The trademark application has been accepted by the Office (has met the minimum filing requirements) and has not yet been assigned to an examiner.

| | |
|---|---|
| **Status:** | New application awaiting assignment to an examining attorney. **See current trademark processing wait times** for more information. |
| **Status Date:** | Mar. 20, 2025 |

## ▼ Mark Information

▲ Collapse All

| | |
|---|---|
| **Mark Literal Elements:** | OTIIMA |
| **Standard Character Claim:** | No |
| **Mark Drawing Type:** | 0 - UNKNOWN MARK DRAWING TYPE |
| **Description of Mark:** | The mark consists of stylized wording "OTIIMA" in uppercase letter. |

## ▼ Goods and Services

**Note:**

The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

| | | | |
|---|---|---|---|
| **For:** | Custom built window installation services; Custom built windows installations; windows repair | | |
| **International Class(es):** | 037 - Primary Class | **U.S Class(es):** | 100, 103, 106 |
| **Class Status:** | ACTIVE | | |

| | | | |
|---|---|---|---|
| **For:** | Distribution services, namely, delivery of custom-built windows and window accessories | | |
| **International Class(es):** | 039 - Primary Class | **U.S Class(es):** | 100, 105 |
| **Class Status:** | ACTIVE | | |

| | | | |
|---|---|---|---|
| **For:** | Custom fabrication of windows; Prototype fabrication of windows for individual and businesses; Custom manufacturing of windows; Manufacturing of windows and window accessories, namely, custom curtain wall and slidingdoor tracks | | |
| **International Class(es):** | 040 - Primary Class | **U.S Class(es):** | 100, 103, 106 |
| **Class Status:** | ACTIVE | | |

## ▼ Basis Information (Case Level)

| | | | |
|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes |
| **Filed 44D:** | No | **Currently 44D:** | No |

Feedback

| | | | |
|---|---|---|---|
| **Filed 44E:** | No | **Currently 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No |
| **Filed No Basis:** | No | **Currently No Basis:** | No |

## ▼ Current Owner(s) Information

| | | | |
|---|---|---|---|
| **Owner Name:** | Otiima USA | | |
| **Owner Address:** | 1113 N. McKinley Ave<br>Los Angeles, CALIFORNIA UNITED STATES 90059 | | |
| **Legal Entity Type:** | CORPORATION | **State or Country Where Organized:** | CALIFORNIA |

## ▼ Attorney/Correspondence Information

**Attorney of Record**

| | | | |
|---|---|---|---|
| **Attorney Name:** | Maria Johnson | | |
| **Attorney Primary Email Address:** | **maria@denovopc.com** | **Attorney Email Authorized:** | Yes |

**Correspondent**

| | | | |
|---|---|---|---|
| **Correspondent Name/Address:** | Maria Johnson<br>De Novo Legal, PC<br>1903 Wright Place, Suite 360<br>Carlsbad, CALIFORNIA United States 92008 | | |
| **Phone:** | 1-(760) 431-8707 | | |
| **Correspondent e-mail:** | **maria@denovopc.com** | **Correspondent e-mail Authorized:** | Yes |

**Domestic Representative - Not Found**

## ▼ Prosecution History

| Date | Description | Proceeding Number |
|---|---|---|
| Mar. 20, 2025 | APPLICATION FILING RECEIPT MAILED | |
| Mar. 20, 2025 | NEW APPLICATION ENTERED | |

## ▼ TM Staff and Location Information

**TM Staff Information - None**

**File Location**

| | | | |
|---|---|---|---|
| **Current Location:** | Not Found | **Date in Location:** | Not Found |

## ▼ Assignment Abstract Of Title Information - Click to Load

## ▼ Proceedings - Click to Load

# EXHIBIT D

**Assunto:** Re: ███████████ - Order Confirmation Request
**Data:** terça-feira, 24 de junho de 2025 às 12:53:37 Hora de verão da Europa Ocidental
**De:** ████████
**Para:** ███████
**CC:** ████████████████████████
**Anexos:** image001.jpg, image003.jpg

Dear ███,

Thank you for your email.

As you were already made aware, OTIIMA USA is no longer a representative of our brand and is not authorized to manufacture, sell, or market products under the OTIIMA name. Any product advertised by OTIIMA USA is not an authentic OTIIMA product and does not meet our certified standards, design, or technology. OTIIMA remains the sole owner of the brand, patents, and original systems, and we continue to operate from Portugal exporting to more than 60 countries, including to the U.S. market.

Even though the business relationship between OTIIMA INDUSTRIES, S.A. and OTIIMA USA has been fully and formally terminated as of May 21, we've committed to fulfill all ongoing projects and any future projects that had already been specified in OTIIMA, leaving this decision for OTIIMA USA of course.

Regarding project ██████████████, we can confirm that this project has been awarded by OTIIMA USA to OTIIMA on ██████████ However, and even though we had already started working on production drawings, this project was cancelled by OTIIMA USA on ████████ **The deposit for this project has been fully credited by OTIIMA to OTIIMA USA.**

This being, OTIIMA is neither working on this project nor will we be fulfilling any OTIIMA products for this project to OTIIMA USA. We're not aware of any developments since this project was cancelled by OTIIMA USA.

Moving forward, our headquarters and manufacturing facility in Portugal will manage all inquiries and orders directly. We remain fully operational and committed, ensuring the highest service standards, product authenticity, and warranty support.

We encourage all clients and partners to contact us directly to benefit from the OTIIMA experience, so do let us know if there's anything we can do to assist with this or any other project.

Regards,

**João Simões ||** CEO
████████████[chamada para a rede móvel/fixa nacional]

  

Website | Instagram | LinkedIn | Pinterest | TikTok | YouTube

---

**De:** ████████████████████████████████
**Enviada:** 20 de junho de 2025 19:22
**Para:** ████████████████████@otiima.com>

1 of 2

**Cc:** ███████████████████████████

**Assunto:** ███████████ - Order Confirmation Request

**Importância:** Alta

 ,

Due to the recent announcement stating that the relationship between Otiima USA and Otiima Portugal has been severed, we need to receive a status update for one of our open orders.  I need to confirm that our order will remain on schedule, and unaffected, as expected prior to any announcement.

Below, you will find a link to the approved drawings that were submitted to Otiima USA on ████████  I have emails from Otiima USA confirming that the order was submitted to Otiima Portugal.  Can you please confirm that this order was received and that it is in production and/or shipped to Otiima USA.

Link to Approved Shop Drawings:
█████████████████████████

I would like to get some confirmation, in writing, so I can be sure we are on still on schedule.

Thank You,



2 of 2

-----Mensagem original-----
De: ███████████████
Enviada: 2 de julho de 2025 13:52
Para: USA <usa@otiima.com>
Assunto: Otiima USA

[Some people who received this message don't often get email from
███████████████ Learn why this is important at
https://aka.ms/LearnAboutSenderIdentification ]

Hello,
We are an architecture and construction firm in ███████████ USA. We
have a large project underway with what we assumed are Otiima windows
from Portugal. We just learned of the Otiima/Otiima USA split and are deeply
concerned. I have been unable to determine if our windows are now Titoni,
or if they are still Otiima, which is what we specced and ordered . Can you
confirm if our order is in your production queue in Portugal?
Sincerely
███████

**Assunto:** Project in ███████████ - URGENT

**Data:** domingo, 6 de julho de 2025 às 23:13:17 Hora de verão da Europa Ocidental

**De:** ████████████

**Para:** █████████████████

Não costuma receber e-mails de ████████████████████  [Saiba por que motivo isto é importante](#)

Dear ██████

██████

Good morning.

We are writing to you today regarding our project in ████████████.

For this project, our general contractor, ███████, has placed an order with ████████████████ ████████████████████. The entire order is for Otiima windows, utilizing Otiima profiles and genuine products.

We recognize that ████████████████, as a reseller, purchases from Titoni in Los Angeles. However, based on your public announcement, it is our understanding that Titoni is no longer authorized to manufacture, sell, or market products under the OTIIMA name.

Given this, we need to ensure our client receives the authentic OTIIMA windows they ordered, and not Titoni windows. Could you please advise on how we can proceed, especially since the deposit has already been paid?

We look forward to your prompt response.

Many thanks.
Best,

████████████

██████

████████████

███████████████

1 of 1

# EXHIBIT E

**From:** ██████████████ @otiima.com>
**Sent:** Thursday, July 3, 2025 1:18 PM
**To:** ████████████████████
**Subject:** Fwd: THE EVOLUTION OF OTIIMA USA

FYI


Best regards,

████████████████████



Website | Instagram | Linkedin | Pinterest | TikTok | YouTube


---------- Forwarded message ---------
From: **TITONI | OTIIMA USA** <info@otiimausa.com>
Date: Thu, Jul 3, 2025 at 7:56 PM
Subject: THE EVOLUTION OF OTIIMA USA us
To: ████████████████




**THE EVOLUTION OF OTIIMA USA us**
**Behind the Systems: Our Process Explained.**

1



Customer experience is the foundation behind every decision we make, and integrity is the heart of who we are. As we grow and move forward, exciting changes are taking shape and our promise is to keep your experience seamless every step of the way.

**TITONI | OTIIMA USA ALUMINUM SYSTEMS FAQ**

**— Why did you stop sourcing metal from Portugal?**

In 2024, following a change in ownership, the **Portugal factory suffered a dramatic decline in performance**, characterized by critical production errors, incomplete shipments, escalating service failures, severe delivery delays, and the loss of exceptionally important personnel, including the departure of its former CEO and visionary leader.

2

After multiple unresolved quality failures, OTIIMA USA issued a formal **Notice to Perform** in May 2025 and immediately ceased all future orders from the factory to safeguard future project timelines and uphold the integrity of client relationships.

**— What are your manufacturing capabilities?**

TITONI | OTIIMA USA has always fabricated its glass panels in-house at our Los Angeles headquarters—an essential part of the manufacturing process that guarantees precision and control from the very beginning. Today, we operate multiple CNC production lines equipped with Emmegi machinery, globally regarded as the "Ferrari" of aluminum fabrication.

But the true engine behind our manufacturing operation is our people: a world-class, U.S.-based team composed of industry-leading former CEOs, COOs, plant managers, senior engineers, and quality control experts. This team isn't just maintaining a standard—they're redefining it, pushing every system we build to unprecedented levels of performance, consistency, and craftsmanship.

**— Does the Portugal factory own any US product patents?**

**No.** The factory in Portugal holds **no U.S. patents** for any profiles or products sold by TITONI | OTIIMA USA. We operate with **full legal authority under U.S. law** to recreate, refine, and advance the systems our clients have trusted for the past nine years.

**— What improvements came from shifting to U.S. sourcing?**

Shifting to domestic production has enabled us to redesign and enhance over 150 profiles, delivering performance improvements across the board. Key advantages include:

- **Wider thermal breaks** for superior energy efficiency
- **Enhanced weatherproofing** for long-term durability
- **New, patent-pending bearing systems** that improve operation and longevity
- **Faster lead times and delivery** through local control
- **Zero exposure to the 50% aluminum tariff**
- **No overseas shipping delays or costs**
- **Tighter quality control protocols** under U.S. oversight
- **Full transparency** with open-door access to our Los Angeles manufacturing facility

**— What's the situation with the 50% tariffs on aluminum from Portugal?**

As of June 4, 2025, all aluminum imported from Portugal is subject to a 50% U.S. tariff—instantly making it far more expensive than domestically sourced aluminum. On top of that, a pending reciprocal tariff threatens to double the total to a staggering 100%, creating an unsustainable cost burden for U.S. buyers still relying on Portuguese supply.

**— What is your relationship with José Maria, the founder of the Portugal factory?**

José Maria, the founder and former owner of Ecosteel, remains a dear friend of the TITONIS. We deeply respect his legacy and the pivotal role he played in shaping the minimal-frame window industry. In our view, his removal from leadership, coupled with the factory's acquisition, was the defining moment that triggered the rapid and undeniable decline of the Portugal operation.



**— Is OTIIMA USA an independent company?**

Yes. OTIIMA USA is a fully independent corporation headquartered in California, built from the ground up and led for over nine years by its original founders, CEO Taylor Titoni and CFO Stacy Titoni. Their leadership, vision and culture have driven the growth company since day one.

Every aspect of our operation from quoting, engineering, drafting, fabrication, assembly, logistics, to warranty support—is executed entirely by our dedicated team.

From our 40,000 sq. ft. manufacturing facility in Los Angeles, we maintain full control over every stage of the process, ensuring unmatched precision, consistency, and accountability from start to finish.

**— Who developed and tested OTIIMA USA systems in the U.S.?**

TITONI | OTIIMA USA independently funded and led the entire U.S. certification process, achieving NFRC, AAMA, STC, and Miami-Dade approvals through millions of dollars in investment and a relentless commitment to performance. We didn't just meet the standards, we raised them. Our team helped to spearhead the redesign and development of critical systems like the PLUS System, Drain System, and Shallow System, often collaborating with former Ecosteel engineers to refine and advance the technology beyond its original limits.

**— Who built the OTIIMA brand in the U.S.?**

TITONI. From the ground up, TITONI | OTIIMA USA invested heavily in marketing, technical support, product testing, and hands-on customer service. We've managed hundreds of warranty claims and delivered consistent performance across thousands of units. It was our effort, not the factory overseas, that established the benchmark for minimal-frame windows in the U.S. market. We owned the brand name OTIIMA in the US and we defined it through our team at TITONI | OTIIMA USA

**— What's next for OTIIMA USA?**

4

Now operating under the TITONI brand, we remain uncompromising in our commitment to delivering high-performance, U.S.-made solutions.

We've preserved the core designs that architects and builders trust while dramatically improving quality, accelerating lead times, and taking full control through 100% domestic production. This evolution isn't just a shift in name, it's a leap forward in capability, accountability, and execution.

**Same Vision. New Brand. Improved Systems**

**OUR WEBSITE**

Want to change how you receive these emails?
You can update your preferences or unsubscribe

Copyright (C) 2025 TITONI. All rights reserved.

5