UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 25-06449-MWF (JPRx) | Date: September 18, 2025 |
| Title: Otiima Industries, S.A. v. Otiima USA, et al. | |

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:
Rita Sanchez

Court Reporter:
Not Reported

Attorneys Present for Plaintiffs:
None Present

Attorneys Present for Defendants:
None Present

**Proceedings (In Chambers):**     ORDER RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION [23]

Before the Court is Plaintiff Otiima Industries, S.A.'s Motion for Preliminary Injunction (the "Motion"), filed on August 1, 2025. (Docket No. 23). Defendants Otiima USA, Taylor Titoni, Stacy Titoni, and Titoni Windows Systems n/k/a Titoni Manufacturing Company (collectively, "Defendants") filed an August 18, 2025. (Docket No. 27). Plaintiff filed a Reply on August 25, 2025. (Docket No. 34).

The Court has read and considered the papers on the Motion and held a hearing on **September 8, 2025**.

As indicated at the hearing, the Court believes that, based on the record *for this Motion*, Plaintiff has made a strong showing that the *Winter* factors are met. Nonetheless, for now, the Court will hold the Motion under submission and declines to issue a preliminary injunction at this time.

The Court is certainly sympathetic to the position Plaintiff is in given Defendants' belatedly filed Motion for Preliminary Injunction. It is quite unfortunate that the Opposition did not raise the issues or marshal the evidence that Defendants tardily filed. But the Court has spent considerable time and effort assessing the scope of the proposed injunction and is unable to define appropriate relief given the circumstances of this action. In particular, the Court sees some facial plausibility to the arguments by Defendants that enjoining their use of the Otiima Marks in their entirety would prevent Defendants from operating their longstanding business.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 25-06449-MWF (JPRx)           **Date:** September 18, 2025
**Title:**     Otiima Industries, S.A. v. Otiima USA, et al.

Therefore, the Court is reluctant to order that relief without giving Defendants a chance to be fully heard.

Furthermore, the preliminary injunctive relief of the type that is typically warranted in trademark infringement actions — *i.e.,* ordering that the infringing party cease use of the trademark during the pendency of the action — would, in the circumstances of this action, be tantamount to granting full relief on Plaintiff's claims. And the Court is reluctant to do so on the record developed thus far, and in light of Defendant's competing Motion for Preliminary Injunction. *See Tanner Motor Livery, Ltd. v. Avis, Inc.,* 316 F.2d 804, 808-09 (9th Cir. 1963) ("[I]t is usually not proper to grant the moving party the full relief to which [it] might be entitled if successful at the conclusion of trial.")

As indicated in a separate text-only Order, the Court will hear Defendants' Motion for Preliminary Injunction currently set for October 6, 2025, though with a modified briefing schedule. (*See* Docket No. 42). The Court believes the briefing on Defendants' Motion will help to develop the record and present a fuller picture of the parties' positions. If, after the hearing on Defendants' Motion, the Court is able to make a determination on both motions, the Court will do so.

As indicated at the hearing, the most sensible resolution here is for the parties to determine their own business "divorce". Accordingly, the Court **ORDERS** the parties to submit to an early mediation as set forth in the concurrently filed Order/Referral to ADR. Should the parties prefer to submit to private mediation, the parties may indicate that preference in their upcoming Joint Rule 26(f) Report, currently due October 13, 2025, and the Court will permit any such request. The parties' Joint Rule 26(f) Report shall further include their progress towards scheduling mediation.

IT IS SO ORDERED.