| | |
|---|---|
| 1 | **GOYETTE, RUANO & THOMPSON, INC.**<br>DEREK K. ULMER (SBN 318255) |
| 2 | GABRIELLA TURNBULL (SBN 362233)<br>2366 Gold Meadow Way, Suite 200 |
| 3 | Gold River, CA 95670<br>P: (916) 851-1900 |
| 4 | F: (916) 851-1995 |
| 5 | E: derek@grtlaw.com<br>E: gabby@grtlaw.com |
| 6 | |
| 7 | **THE KINDER LAW GROUP, APC**<br>Brian P. Kinder (212332) |
| 8 | 19200 Von Karman Avenue, Fourth Floor<br>Irvine, California 92612 |
| 9 | P: (949) 216-3070<br>F: (949) 216-3074 |
| 10 | E: bkinder@tklglaw.com |
| 11 | Attorneys for Defendants and Counterclaimants |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTIIMA INDUSTRIES, S.A., | Case No. 2:25-cv-06449-MWF-JPR |
| Plaintiff, | Judge: Michael W. Fitzgerald<br>Complaint Filed: July 15, 2025<br>Trial Date: TBD |
| v. | |
| OTIIMA USA, TAYLOR TITONI, STACY TITONI, and TITONI WINDOWS SYSTEMS n/k/a TITONI MANUFACTURING COMPANY, | **DEFENDANTS' AND COUNTERCLAIMANT'S NOTICE OF MOTION AND COMBINED MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON THE PLEADINGS** |
| Defendants. | |
| OTIIMA USA, TAYLOR TITONI, STACY TITONI, and TITONI WINDOWS SYSTEMS n/k/a TITONI MANUFACTURING COMPANY, | Date: November 10, 2025<br>Time: 10:00 a.m.<br>Courtroom: 5A |
| Counterclaimants, | |
| v. | |
| OTIIMA INDUSTRIES, S.A., and Does 1-25. | |
| Counterclaim-Defendants. | |

**PLEASE TAKE NOTICE** that on November 10, 2025, at 10:00 a.m. (Pacific), before the Honorable Michael W. Fitzgerald, in Courtroom 5A of the First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Counterclaimant OTIIMA USA hereby moves for partial summary adjudication as to Count One of the First Amended Counterclaim (Dkt 39) for Declaratory Judgment of Invalidity of Trademark Assignment. Combined with that motion, Defendants OTIIMA USA, TAYLOR TITONI, STACY TITONI, AND TITONI WINDOWS SYSTEMS n/k/a TITONI MANUFACTURING COMPANY (collectively "Defendants") move for partial judgment on the pleadings on Count I of the Complaint (Dkt 1) for Federal Trademark Infringement under Section 32 of the Lanham Act (15 U.S.C. § 1114).

This Motion will be based on this Notice of Motion and Combined Motion, the pleadings in the Court's files for this case, any matters on which the Court may or must take judicial notice and/or that are incorporated by reference via the pleadings, any reply that is filed in support of this Motion, any argument presented at the hearing on this Motion, and any other matters the Court deems proper.

Pursuant to Local Rule 7-3, this Motion is made following multiple conferences of counsel concerning the issues raised herein, the final of which took place on Oct. 9, 2025.

Respectfully submitted,

Dated: October 9, 2025      **GOYETTE, RUANO & THOMPSON, INC.**

By:  /s/Derek K. Ulmer
DEREK K. ULMER
GABRIELLA TURNBULL
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
P: (916) 851-1900
F: (916) 851-1995
E: derek@grtlaw.com
E: gabby@grtlaw.com

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

1

**THE KINDER LAW GROUP, APC**

By:  /s/Brian P. Kinder
Brian P. Kinder, Esq.
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
P: (949) 216-3070
F: (949) 216-3074
E: bkinder@tklglaw.com

Attorneys for Defendants and Counterclaimant OTIIMA USA, TAYLOR TITONI, STACY TITONI, and TITONI WINDOWS SYSTEMS n/k/a TITONI MANUFACTURING COMPANY

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Following dueling motions for preliminary injunction, and two separate days of oral argument corresponding to the same, the Court is familiar with the parties, the competing facts and the competing claims in this case. At the hearing on October 6, 2025, the Court informed the parties that the trial of this case will proceed expeditiously. Accordingly, Defendants and Counterclaimant OTIIMA USA bring this surgical motion for partial summary adjudication (Count One of the First Amended Counterclaim) and partial judgment on the pleadings (Count I of the Complaint) which seeks to narrow and clarify the claims and issues in this case as well as streamline preparation for trial.

By way of Count One of the First Amended Counterclaim (Dkt. 39), OTIIMA USA seeks a declaratory judgment that, "the January 12, 2022, written trademark assignment from OTIIMA USA to ECOSTEEL was a naked assignment" which "failed to transfer goodwill" and is therefore invalid. *See id*. Throughout the dueling motions for preliminary injunction, ECOSTEEL has confirmed and maintained that the assignment did not transfer goodwill. *See* Dkt. 34, p. 314:11-17 (unequivocally acknowledging that the assignment "was made *only* to correct the unauthorized filing of trademark applications" and "merely corrected Defendants' mistaken assertion of its ownership in the mark and ***had no effect whatsoever on the continuing goodwill associated with the mark***, attributable to Plaintiff's use and ownership."). Accordingly, ECOSTEEL admits that the assignment was indeed a naked assignment and OTIIMA USA therefore seeks partial summary adjudication on Count One of the First Amended Counterclaim.

By way of Count I of the Complaint (Dkt. 1), ECOSTEEL asserts a claim for Federal Trademark Infringement pursuant to Lanham Act § 32(1) (15 U.S.C. § 1114(1)). A threshold requirement for a claim under Section 32 is ownership of a ***valid*** trademark

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

3

registration. *Id.* However, in the Complaint[1] (and reinforced multiple times during the dueling motions for preliminary injunction[2]), ECOSTEEL repeatedly asserts that OTIIMA USA has **never** been the owner of the marks at issue in this case. Notwithstanding, ECOSTEEL acknowledges that it was OTIIMA USA who filed the applications[3] that underly the registrations asserted by ECOSTEEL in Count I of the Complaint. Accordingly, taking the factual allegations of the Complaint by ECOSTEEL as true (which the Court must), the applications and resulting registrations are ***void*** and cannot be corrected. *See* 15 U.S.C. §1051(a)(1) (an application to register a trademark must be filed by the owner of the mark); *see also* 37 C.F.R. §2.71(d) (If an applicant is not the owner of the mark at the time an application is filed, the application is void and cannot be amended to specify the correct party as the applicant). Thus, ECOSTEEL fails to plead ownership of ***valid*** registrations and Defendants are entitled to partial judgment on the pleadings with regard to Claim One of the Complaint.

## II. LEGAL STANDARD

### A. Summary Judgment.

Partial summary adjudication is proper if "the movant shows that there is no genuine

---

[1] *See* Dkt. 1, p. 9 (Complaint, ¶ 26) ("Otiima USA has never owned any right, title, or interest in Otiima's Marks….").

[2] *See* Dkt 23-1, p. 3 (Martin Decl., ¶ 11) (Stating, "Otiima [i.e., ECOSTEEL] has ***always been the owner*** of the trademarks OTIIMA and OTIIMA MUCH MORE THAN A WINDOW and the products offered under such marks."); see also id., p. 3-4 (Martin Decl., ¶ 13-14) (Stating, "Otiima USA began falsely claiming that it, not Otiima, was the ***owner*** of the Otiima brand in the U.S." and "making false and misleading statements to customers about why the relationship between the parties ended, where the Otiima products were being manufactured, and who ***owns*** the Otiima brand.)

[3] *See* Dkt. 1, p. 11 (Complaint, ¶ 31-34) ("On September 28, 2021, Otiima USA filed two U.S. Trademark Applications" and On October 18, 2022, both applications registered in the name of Ecosteel, S.A. [sic] as U.S. Reg. Nos. 6878864 and 6878869."

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

4

dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Celotex*, 477 U.S. at 323. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 248–49. A "material fact" is one which "might affect the outcome of the suit under the governing law . . . ." *Id.* at 248. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific and admissible evidence identifying the basis for the dispute. *See id.* The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252.

### B. Judgment on the Pleadings

Under Fed. R. Civ. Proc 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." A court should grant a motion for judgment on the pleadings if, "accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

5

judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (*quoting Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir.2009)). "For purposes of a motion for judgment on the pleadings, all allegations of fact of the opposing party are accepted as true. The allegations of the moving party which have been denied are taken as false." *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). No matter how improbable the facts alleged are, they must be accepted true for purposes of the motion. *Neitzke v. Williams*, 490 U.S. 319, 328-29, 109 S. Ct. 1827, 1833 (1989).

## III.  ARGUMENT

### A. Partial Summary Adjudication Should Be Entered Against ECOSTEEL and In Favor of OTIIMA USA With Regard to Counterclaim One of the First Amended Counterclaim Concerning Invalidity of the Assignment.

In Count One of the First Amended Counterclaim (Dkt. 39), OTIIMA USA seeks a declaratory judgment that, "the January 12, 2022, written trademark assignment from OTIIMA USA to ECOSTEEL was a naked assignment, assignment in gross and failed to transfer goodwill, was not supported by legal consideration, did not result from a meeting of the minds or mutual assent of the parties and is otherwise unenforceable, invalid, void, voidable, subject to rescission, and/or was procured by fraud as alleged herein."

The Lanham Act, requires that a trademark assignment carry with it the assignment of goodwill which the trademark symbolized in order to transfer title to the mark. *See* 15 U.S.C. § 1060. An assignment without goodwill is known as an assignment "in gross" and does not operate to transfer any legal rights to the assignee. *Bourjois & Co. v. Katzel*, 260 U.S. 689 (1923). This circuit has specifically stated that "[T]he law is well settled that there are no rights in a trademark alone and that no rights can be transferred apart from the business with which the mark has been associated." *E. & J. Gallo Winery v. Gallo Cattle*

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

6

*Co.*, 967 F.2d 1280, 1289 (9th Cir. 1992) (quoting *Mister Donut of Am., Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969)).

Instead, a mark must be assigned "with the goodwill of the business in which the mark is used, or with that part of the goodwill of the business connected with the use of and symbolized by the mark." *Id.* (quoting 15 U.S.C. § 1060). The purpose of this rule is to avoid deceiving or confusing consumers by transferring a mark without maintaining continuity of the goods or services associated with the mark. *Id. Pocketbook Int'l SA v. Sitetools, Inc.*, No. CV 20-8708-DMG (PDx), 2022 U.S. Dist. LEXIS 24540, at *19 (C.D. Cal. Feb. 2, 2022). The Ninth Circuit has found no assignment in gross where the assignment included both consideration and the actual transfer of goodwill. *H & J Foods, Inc. v. Reeder*, 477 F.2d 1053, 1055 (9th Cir. 1973) (In addition to acknowledging the transfer of various copyrights, finding no assignment in grow where "…purchased from Hampson for $500 all right, title and interest in and to the trademark 'Hunza,' including the right to sue for past infringements, together with the goodwill of the business symbolized and appurtenant to the mark, Registration No. 644,085, and a quantity of 'Hunza' labels, advertising news releases, and promotional materials.").

Consistent with the above, a trademark cannot be assigned "in gross", meaning separate from the goodwill of the business that the mark represents. A trademark is not a mere piece of property dissociated from a business's goodwill – it is a symbol of that goodwill. Thus, "there are no rights in a trademark alone and no rights can be transferred apart from the business with which the mark has been associated." (*Mister Donut of Am., Inc. v. Mr. Donut, Inc.*, 418 F.2d 838, 842 (9th Cir. 1969).) Plaintiff's receipt of the applications (with no business or goodwill transfer) is a classic "assignment in gross," void under Ninth Circuit law. (*Ibid.*, *see also Parkinson v. Domino's Pizza, Inc.*, 202 F.3d 269, 273 (9th Cir. 2000) (assignments must include goodwill).) Any assignment that "functionally severs the trademark from its accompanying goodwill" is traditionally invalid. (*See E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d 1280, 1289 (9th Cir. 1992)

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

7

(purpose of requiring transfer of goodwill is to maintain continuity of the product/service and avoid deceiving customers).)

The assignment of the U.S. trademark applications to Ecosteel were exactly such prohibited assignments in gross because OTIIMA USA did not transfer the associated business nor the goodwill. To the contrary, OTIIMA USA retained its entire ongoing business – it continued manufacturing, marketing and selling OTIIMA brand windows and doors to the same consumers, under the same mark, at the same quality. Plaintiff did not take over any portion of OTIIMA USA's operations, customer relations, or goodwill. In fact, the only change was the name on the underlying U.S. trademark applications. All of the goodwill stayed with OTIIMA USA.  Finally, and most convincingly, Ecosteel concedes the foregoing and acknowledges, "The assignment at issue was made *only* to correct the unauthorized filing of trademark applications by Otiima USA." Dkt. 34, p. 314:11-12 (Emphasis added). In ECOSTEEL's own words:

> The assignment at issue was made only to correct the unauthorized filing of trademark applications by Otiima USA. The ownership of the marks, acquired through priority of use by Plaintiff via the license to Defendants, existed long prior to the filing of any U.S. trademark applications for OTIIMA. The assignment merely corrected Defendants' mistaken assertion of its ownership in the mark and had no effect whatsoever on the continuing goodwill associated with the mark, attributable to Plaintiff's use and ownership.

*Id*. at 314:11-17.

As such, the assignment was a naked assignment and partial summary adjudication on Count One of the First Amended Counterclaim should be granted in favor of OTIIMA USA and against ECOSTEEL.

///

///

///

### B. **Partial Judgment on The Pleadings Should Be Entered Against ECOSTEEL and In Favor of OTIIMA USA With Regard to Count One of the Complaint.**

In order for ECOSTEEL to prevail on Count One of the Complaint for Federal Trademark Infringement under Section 32 of the Lanham Act, Plaintiff must plead and prove that it is the owner of a valid trademark registration. *See* 15 U.S.C. § 1114(1). Taking the facts of the Complaint as true (which the Court must), then ECOSTEEL cannot allege facts sufficient to give rise to a claim under Section 32 and Defendants are entitled to partial judgment on the pleadings.

Despite the utter improbability of the following factual allegations, the Court must accept them as true for purposes of determining this motion:

- Para. 18: ECOSTEEL asserts ownership of the following United States trademark registrations: OTIIMA (U.S. Reg. No. **6878869**) and OTIIMA MUCH MORE THAN A WINDOW (U.S. Reg. No. **6878864**).

- Para. 26: Otiima USA has **never** owned any right, title, or interest in Otiima's Marks except for its limited right to use the marks as a licensee with Otiima's permission. Otiima, not Otiima USA, has always been the owner and in control of the quality of the products offered under Otiima's Marks.

- Para. 31. On September 28, 2021, **Otiima USA filed** two U.S. Trademark Applications without Otiima's knowledge or authorization: Serial No. 97050175 for the mark OTIIMA for "Doors and windows of metal" in Class 6 and "Non-metal windows and doors" in Class 19. Serial No. 97050140 for the mark OTIIMA MUCH MORE THAN A WINDOW for "Doors and windows of metal" in Class 6 and "Non-metal windows and doors" in Class 19.

- Para. 32. Otiima USA filed these applications based on use in commerce and specimens of use showing Otiima's products bearing Otiima's Marks. Attorney H. Michael Soroy signed the application declarations as attorney of record on behalf of Otiima USA, including the declaration that "[t]he signatory believes that the applicant is the owner of the trademark/service

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

9

mark sought to be registered." **At no time has Otiima USA been the owner of Otiima's Marks or entitled to register them**.

- Para. 33. Upon becoming aware of these applications, Otiima contacted the Titonis and requested immediate assignment of the applications to prevent Otiima USA from receiving a trademark registration to which it was not entitled. On January 12, 2022, Otiima USA assigned the applications to Ecosteel, S.A. (now Otiima). That assignment was recorded with the USPTO Assignment Division at Reel/Frame 7604/0868.

- Para. 34. **On October 18, 2022, both applications registered in the name of Ecosteel, S.A. (now Otiima) as U.S. Reg. Nos. 6878864 and 6878869**. See Exhibit A. Otiima's name change from Ecosteel, S.A. to Otiima Industries, S.A. was recorded with the USPTO Assignment Division at Reel/Frame 8893/0515 on June 10, 2025.

Although Defendants dispute the foregoing allegations, the Court must accept them as true for purposes of this motion. On that basis, the foregoing means that ECOSTEEL's position is that OTIIMA USA was *never the owner* of the trademarks that were the subject of the trademark registrations. However, an application to register a trademark *must be filed by the owner* of the mark. *See* 15 U.S.C. §1051(a)(1). If an applicant is **not** the owner of the mark at the time an application is filed, the application is *void* and cannot be amended to specify the correct party as the applicant. *See* 37 C.F.R. §2.71(d). Accordingly, accepting ECOSTEEL's allegations as true means that OTIIMA USA was not the owner of the marks at the time the applications were filed and that the resulting registrations are void. Thus, ECOSTEEL cannot allege that it is the owner of a *valid* trademark registration as a matter of law and cannot state a claim under Section 32 of the Lanham Act. Accordingly, Defendants request that judgment on the pleadings against ECOSTEEL and in favor of Defendants be entered with regard to Count One of ECOSTEEL's complaint.

/ / /

/ / /

/ / /

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

10

# IV. CONCLUSION

For all of the foregoing reasons, Defendants and Counterclaimant OTIIMA USA respectfully requests that the Court grant this Combined Motion for a Partial Summary Adjudication and Partial Judgment on the Pleadings.

Respectfully submitted,

Dated: October 9, 2025   **GOYETTE, RUANO & THOMPSON, INC.**

By:  /s/Derek K. Ulmer
DEREK K. ULMER
GABRIELLA TURNBULL
2366 Gold Meadow Way, Suite 200
Gold River, CA 95670
P: (916) 851-1900
F: (916) 851-1995
E: derek@grtlaw.com
E: gabby@grtlaw.com

**THE KINDER LAW GROUP, APC**

By:  /s/Brian P. Kinder
Brian P. Kinder, Esq.
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
P: (949) 216-3070
F: (949) 216-3074
E: bkinder@tklglaw.com

Attorneys for Defendants and Counterclaimants
OTIIMA USA, TAYLOR TITONI, STACY TITONI, and TITONI WINDOWS SYSTEMS n/k/a TITONI MANUFACTURING COMPANY

COUNTERCLAIMANT'S NOTICE OF MOTION AND MOTION FOR PARTIAL SUMMARY ADJUDICATION AND PARTIAL JUDGMENT ON PLEADINGS
Case No. 2:25-cv-06449-MWF-JPR

11

# CERTIFICATE OF SERVICE

The undersigned certifies that this brief contains [3,449] words and complies with the word and page limit of L.R. 11-6.1. The undersigned further certifies that on the date set forth below, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the Following ECF registrants:

| | |
|---|---|
| Karin G. Pagnanelli, Esq.<br>Bradley J. Mullins, Esq.<br>MITCHELL SILBERBERG & KNUPP LLP<br>2049 Century Park East, 18th Floor<br>Los Angeles, CA 90067-3120<br>Telephone: (310) 312-2000<br>Facsimile: (310) 312-3100<br>E: kgp@msk.com<br>E: bym@msk.com | Nathaniel St. Clair, Esq.<br>Devanshi Somaya, Esq.<br>JACKSON WALKER LLP<br>2323 Ross Ave., Suite 600<br>Dallas, TX 75201<br>Telephone: (214) 953-5948<br>Facsimile: (214) 661-6848<br>E: dsomaya@jw.com<br>E: nstclair@jw.com |

I further certify that I have transmitted a true copy of the foregoing document by electronic mail on the foregoing.

Dated: October 9, 2025            By:
/s/Brian P. Kinder
Brian P. Kinder, Esq.
THE KINDER LAW GROUP, APC
19200 Von Karman Avenue, Fourth Floor
Irvine, California 92612
P: (949) 216-3070
F: (949) 216-3074
E: bkinder@tklglaw.com
Attorneys for Defendants and Counterclaimants